UNITED STATES of America, Plaintiff,

v.

Clarence E. LONG and Joseph A. LUGO, Defendants.

Crim. A. Nos. 92–40040–01DES, 92–40040–02DES.

United States District Court, D. Kansas.

March 1, 1993.

Lee Thompson, U.S. Atty., Gregory G. Hough, Asst. U.S. Atty., for plaintiff.

Frank Y. Hill, Jr., Boerne, TX, Thomas D. Haney, Topeka, KS, for Clarence E. Long.

William J. Skepnek, Stevens, Brand, Golden, Winter & Skepnek, Lawrence, KS, for Joseph A. Lugo.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on the motion of defendant Lugo to exclude Rule 404(b) evidence (Doc: 70).

On January 8, 1993, Defendant Lugo, through his counsel, sent a written request to the United States Attorney's office, pursuant to Fed.R.Evid. 404(b), seeking reasonable notice of the government's intent to introduce evidence of other crimes, wrongs, or acts. The government had previously orally advised defendant Lugo's counsel that it might use such evidence on cross-examination of either defendant, or on rebuttal. On February 18, 1993, the Assistant United States Attorney wrote to Lugo's counsel, advising that:

> pursuant to 404(b), the Government will introduce evidence of all of the matters disclosed to you, your client, Mr. Haney and his client during discovery in this matter. Particularly, be advised that Mr. Messineo will testify consistent with his prior statement, a copy of which has been previously provided to you.

The defendant contends that this notice is inadequate because it is overbroad and unduly general. Specifically, he argues that the notice provides him insufficient information on which to base a motion *in limine* to determine the admissibility of the evidence the government intends to introduce. In addition, he contends that the statement referring to Mr. Messineo fails to describe the acts to which he will testify, or how they might be material to this case. As a remedy, defendant Lugo seeks an order of this court precluding the government from introducing any evidence of prior crimes, wrongs, or acts.

In response, the government contends that Lugo's counsel was previously provided a copy of Messineo's statement. The government argues that it is not required to disclose before trial all evidence it intends to introduce under Rule 404(b). Rather, it need only provide the defense with the general nature of the evidence of extrinsic acts.

Rule 404(b) was amended effective December 1, 1991, to require the government, upon request by the defendant, to provide

> reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

The purpose of the 1991 amendment is to reduce surprise and promote early resolution of the issue of admissibility. The "generalized notice provision" requires the prosecution to "apprise the defense of the general nature of the evidence of extrinsic acts." *See* Advisory Committee Note to 1991 Amendments, *reprinted in* 22 Charles A. Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5231, at 341–42 (Supp.1992) (hereinafter "Advisory Committee Notes"). The court has the discretion to determine whether a particular notice is not reasonable due to incompleteness. *Id.* The notice requirement is a prerequisite to admissibility of the Rule 404(b) evidence. *Id.* Hence the offered evidence is inadmissible if the court determines that the notice requirement has not been met. *Id.; see United States v. Williams,* 792 F.Supp. 1120, 1134 n. 19 (S.D.Ind.1992). Although the amendment itself does not prescribe sanctions for failure to provide notice, the court in its discretion may enter appropriate orders. *See* Advisory Committee Notes.

In this case, the court finds that the government's notice is inadequate to comply with the notice prerequisite to the admissibility of Rule 404(b) evidence. The notice does not provide the defendant information concerning the general nature of the evidence the government intends to introduce, as the rule expressly requires. At best, the notice simply forewarns the defendant that the government intends to introduce evidence of other crimes, wrongs, or acts. Although the government's notice states the name of a

government witness who will testify consistent with his prior statement, the notice itself does not describe the nature of the defendant's prior conduct the government intends to introduce through Mr. Messineo.[1]

 Although the notice does not comply with Rule 404(b), the court does not agree with the plaintiff's argument that the government should be precluded from introducing Rule 404(b) evidence at trial. The court finds that sufficient time remains before trial for the government to amend its notice to provide the defendant with sufficient information regarding the intended evidence to enable the defendant to file a motion in limine to contest its admissibility if he chooses to do so.

Contrary to the government's arguments, the defendant does not seek unduly detailed information concerning the prior acts the government intends to introduce under Rule 404(b). *Compare United States v. Alex*, 791 F.Supp. 723, 728 (N.D.Ill.1992) (defendant's demand for specific evidentiary detail, including dates, times, places, and persons involved, determined wholly overbroad). Rather, the defendant simply seeks notice of the general nature of such evidence to permit pretrial resolution of the issue of its admissibility. This is exactly what the amended rule requires.

 The government shall provide information to the defendant regarding the general nature of the evidence it intends to introduce pursuant to Rule 404(b). Although the rule does not require the government to do so, it should consider including in its notice the specific purpose, among those listed in the rule, for which the evidence is intended to be introduced at trial. The government, of course, has the ultimate burden of showing how the defendant's past acts are relevant to a disputed issue in this case. *See United States v. Harrison*, 942 F.2d 751, 759 (10th Cir.1991).

 While the government need not provide precise details regarding the date, time, and place of the prior acts it intends to introduce, or the source of the evidence, it must characterize the conduct to a sufficient degree to apprise the defendant of its general nature. *See, e.g., United States v. Van Pelt*, Nos. 92–40042–01–SAC to –07–SAC, 1992 WL 371640, at *14 (D.Kan. December 1, 1992) (government provided "fairly detailed descriptions" of the evidence, thereby satisfying the notice requirement); *but cf.* Advisory Committee Notes (notice need not satisfy the particularity requirements normally required of language used in a charging document). The government must give enough information in the notice to apprise the defendant of the kind of prior conduct the government intends to use in evidence against him at trial.

IT IS BY THE COURT THEREFORE ORDERED that the government shall provide defendant Lugo the notice required by Rule 404(b), as further described in this order, on or before March 8, 1993.

IT IS FURTHER ORDERED that such notice shall provide sufficient information concerning the nature of the evidence the government intends to introduce pursuant to Rule 404(b) to permit the defendant to prepare a motion *in limine* to contest its admissibility, if defendant desires to do so.

IT IS FURTHER ORDERED that the defendant's request for an order precluding the government from introducing any evidence of prior crimes, wrongs, or acts (Doc. 70) is hereby denied at this time as premature, with leave to renew if the government fails to comply with this order in every respect.

---

1. The notice provision does not require the government to disclose the names of its witnesses. *See* Advisory Committee Notes. The fact that the prosecution did so in this case, however, does not eliminate its obligation to notify the defendant concerning the general nature of the evidence the government intends to introduce pursuant to Rule 404(b).