**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James N. BARNES (93–6120) and
Doyle R. Pate, Jr. (93–6149),
Defendants–Appellants.**

Nos. 93–6120, 93–6149.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 3, 1994.

Decided March 17, 1995.

Terry Cushing, Asst. U.S. Atty. (argued), Philip C. Chance, Asst. U.S. Atty. (briefed), Louisville, KY, for plaintiff-appellee.

Foster V. Jones, Jr. (argued), Trisha Zeller James (briefed), Louisville, KY, for defendant-appellant.

Before: MILBURN, DAUGHTREY, and WEIS,* Circuit Judges.

WEIS, Circuit Judge.

In this appeal, defendants contend that the prosecution failed to give advance notice of its intention to produce evidence of other crimes or wrongs as required by Fed.R.Evid. 404(b). We conclude that the government has a continuing obligation to give such no-

* The Honorable Joseph F. Weis, Jr., Circuit Judge of the United States Court of Appeals for the Third Circuit, sitting by designation.

tice, but in this instance, the challenged evidence was "intrinsic" to the crime charged and thus was not within the scope of the Rule. Accordingly, we will affirm the defendants' convictions for drug trafficking.

In March 1992, defendants James Barnes and Doyle Pate drove a pickup truck to the United Parcel Service facility in Owensboro, Kentucky to claim a package. Upon their arrival, Pate got out of the truck and was seen placing a pistol on the seat. Pate then walked into the building and was arrested as he left with a parcel containing methamphetamines. Barnes, also armed with a pistol, had waited in the truck, and he, too, was taken into custody at that time.

Pate filed a pretrial motion for discovery requesting a list of witnesses the government might call and their anticipated testimony. In a pretrial memorandum, the government stated that it was "unaware of any specific trial problems which should be anticipated by the Court."

One evening while the trial was in progress, the government learned that Pate had made incriminating statements in a discussion with his former cell mate, witness Samuel Watson. In that conversation, Pate commented that on the day of his arrest, he was expecting the UPS package to make up for a shortage in an earlier drug shipment.

At a chambers conference the following morning, before the trial resumed for the day, the prosecutor discussed with defense counsel and the trial judge evidence that might be used to impeach Watson. The Assistant U.S. Attorney, however, did not disclose the content of Pate's statements to Watson about the earlier underweight drug shipment.

Later that morning, while Watson was on the witness stand, the prosecutor asked about the conversation with Pate. Watson responded, "We was talking about drugs coming through the UPS and that it was hard to trust people that was far away sending you drugs, and he stated that the last package he'd received was short. It was supposed ..." At that point, the trial judge called counsel to the bench. Defense counsel then objected to the testimony as involving "other crimes or wrongs" evidence about which it had received no prior notice from the government.

The trial judge reprimanded the Assistant U.S. Attorney for attempting to introduce evidence under Fed.R.Evid. 404(b) without giving advance notice to the court in accordance with local practice. The judge questioned, however, whether defense counsel had properly requested notice as required by the Rule. After making various findings, the trial judge ruled that the evidence was "intrinsically related" to the acts charged in the indictment and also that the evidence was admissible under Rule 404(b), although he was troubled by the government's failure to give notice of its intention to introduce Pate's admission to Watson.

Barnes was convicted of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and of carrying a firearm during the commission of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Pate, too, was convicted on the drug charge but was acquitted on the count alleging possession of a firearm during the commission of a drug trafficking offense. However, Pate was convicted on an additional count asserting that he violated 18 U.S.C. § 922(g)(1) (possession of a firearm by a convicted felon).

Barnes was sentenced to consecutive sentences aggregating 181 months. Because of his prior conviction for a felony narcotics offense, Pate received the mandatory minimum sentence of 240 months on the drug possession charge. Additionally, Pate received a concurrent sentence of 120 months on the count charging firearm possession by a convicted felon.

Both defendants have appealed the trial court's ruling on Watson's testimony. Pate has also appealed his sentence, contending that because the jury acquitted him of possessing a firearm during the commission of the drug offense, he should not have been given a two-level enhancement in calculating his sentence under U.S.S.G. § 2D1.1(b)(1) (1992).

## I.

Federal Rule of Evidence 404(b), with certain exceptions, prohibits the admission of evidence of other crimes or wrongs "to prove the character of a person in order to show action in conformity therewith." In 1991, the Rule was amended to provide that if evidence is admissible for other reasons, such as proof of motive, opportunity, intent, preparation, plan, identity, etc., "upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed.R.Evid. 404(b).

The Advisory Committee explained that the amendment "is intended to reduce surprise and promote early resolution on the issue of admissibility. The notice requirement thus places Rule 404(b) in the mainstream with notice and disclosure provisions in other rules of evidence." *Id.* Advisory Committee's note (1991 amendment).

Although it does not call for any specific form of notice, "[t]he Rule expects that counsel for both the defense and the prosecution will submit the necessary request and information in a reasonable and timely fashion." *Id.* The court has the discretion to determine reasonableness under the circumstances, but the Committee note cautioned that "[b]ecause the notice requirement serves as [a] condition precedent to admissibility of 404(b) evidence, the offered evidence is inadmissible if the court decides that the notice requirement has not been met." *Id.*

A respected commentary points out that the amendment provides no specific sanction for the failure to give notice, that the notice must be of a "general nature," and that compliance can be delayed until trial if the court finds "good cause." 22 Charles A. Wright & Kenneth W. Graham, Jr., *Federal Practice & Procedure* § 5249, at 580 (Supp. 1994). "This was apparently as much notice as the Justice Department was willing to tolerate; it remains to be seen if it will be of much use to criminal defendants." *Id.* The amendment, but another small step toward improving the discovery process in criminal trials, has not been in effect for very long and, understandably, has received little appellate scrutiny.

In *United States v. Tuesta–Toro*, 29 F.3d 771 (1st Cir.1994), the Court of Appeals for the First Circuit concluded that a request for notification "must be sufficiently clear and particular, in an objective sense, fairly to alert the prosecution that the defense is requesting pretrial notification...." *Id.* at 774. In that case, an omnibus defense motion requesting "confessions, admissions and statements ... that in any way exculpate, inculpate or refer to the defendant" was held to be insufficient to comply with Rule 404(b). *Id.*

In *United States v. Matthews*, 20 F.3d 538, 551 (2d Cir.1994), the Court of Appeals for the Second Circuit concluded that the government was not required to furnish pretrial notice of its intention to introduce testimony about a defendant's prior assault on one of its witnesses. In that case, the evidence was introduced on re-direct examination by the government to bolster the credibility of a witness whose character had been vigorously attacked during cross-examination. However, it is questionable whether Rule 404(b) even applied in that instance.

The Court commented that the witness was a confidential informant and that Rule 404(b) did not require disclosure of her name to the defense. Revealing the "other crimes or wrongs" testimony would have unmistakably identified the witness, and notice before trial, therefore, would have disclosed the name of the informant. In that situation, pretrial disclosure should have been a matter for the trial court's discretion in weighing all the pertinent factors.

Probably because the point was not raised, *Matthews* did not discuss the applicability of the Rule 404(b) notice requirement after the trial had begun and the confidential informant had already taken the stand. Although the opinion on the notice requirement is vague, it would seem that once the identity of the witness had become known, no further reason would exist to excuse the government's obligation to disclose the "other crimes" evidence.

Rule 404(b) does not discuss at what point, in ordinary circumstances, notice must be given and a response filed. In *United States v. Kern,* 12 F.3d 122, 124 (8th Cir.1993), the magistrate judge directed the government at a pretrial conference to furnish Rule 404(b) information at least fourteen days before trial. However, because the government was unable to obtain the necessary records until one week before the trial began, the court found that the notification at that point to the defense was reasonable.

In *United States v. French,* 974 F.2d 687, 694–95 (6th Cir.1992), the government notified the defense one week before trial of its intent to produce "other crimes" evidence. Although the trial apparently had taken place before the adoption of the 1991 amendment to Rule 404(b), we concluded that the district court's approval of a one-week notice to the defense did not amount to an abuse of discretion under the circumstances. *See also United States v. Sutton,* 41 F.3d 1257, 1258–59 (8th Cir.1994); *United States v. Perez–Tosta,* 36 F.3d 1552, 1560–63 (11th Cir.1994).

■ Rule 404(b) does not recite whether there is a continuing obligation to disclose "other crimes" evidence that the government discovers after it has initially either provided or denied its intent to use such information. However, Fed.R.Crim.P. 16(c), referring to discovery in criminal cases, has long required a party to disclose additional evidence discovered after a previous request for information has been answered. Although Fed. R.Crim.P. 16(c) refers to evidence or material "subject to discovery or inspection under this rule," we believe that for reasons of efficiency and fairness, a similar continuing obligation to disclose applies to Fed.R.Evid. 404(b).[1] A contrary reading would force the defense to make numerous, periodic requests until the trial has been completed—surely a wasteful procedure.

In *Tuesta–Toro,* 29 F.3d at 775 n. 1, the Court speculated in a footnote that Rule 404(b), as drafted, might be read as requiring the government to provide information only as of the time the response was made. The Court, however, expressly did not decide the point.

After due consideration, we conclude that Rule 404(b) does place an initial duty on the defense to request the prosecution to furnish "other crimes" evidence. The request need not be in technical terms, but it must be such as to be, in an objective sense, reasonably understandable. Once made, the request imposes a continuing obligation on the government to comply with the notice requirement of Rule 404(b) whenever it discovers information that meets the previous request.

■ The trial court must exercise its discretion in determining whether the government is excused from submitting a timely response or whether the circumstances are such that compliance must await further events. Factors for consideration might include a concern about the identification of a confidential informant or a credible belief that the protection of a witness is required.

In the case at hand, we are troubled—as was the trial judge—by the government's failure to disclose the asserted Rule 404(b) evidence before the witness was questioned in front of the jury. Although we credit the government's position that it did not learn of the specific evidence until the trial was already in progress, the defense and the trial court could nevertheless have been notified before Watson took the stand.

There is also difficulty with the defense's contention that it submitted a suitable request under Rule 404(b). Although we do not insist on a request that specifically cites Rule 404(b), *cf. United States v. Williams,* 792 F.Supp. 1120, 1133–34 (S.D.Ind.1992), *United States v. Alex,* 791 F.Supp. 723, 728–29 (N.D.Ill.1992), we agree with *Tuesta–Toro* that an overly broad and generalized discovery request does not comply with the Rule.

■ By the same token, however, the government's notice must characterize the prior

---

1. *See also* Fed.R.Evid. 102 (rules of evidence should be construed to promote fairness and efficiency); Fed.R.Evid. 412(c)(1) (written notice required 15 days in advance of trial); Fed. R.Evid. 609(b) (written notice required to be given to adverse party with a fair opportunity to contest the use of such evidence); Fed.R.Evid. 803(24) (advance notice required to give adverse party a fair opportunity to meet the evidence); Fed.R.Evid. 804(b)(5) (same).

conduct to a degree that fairly apprises the defendant of its general nature. *United States v. Birch,* 39 F.3d 1089, 1093–94 (10th Cir.1994); *United States v. Jackson,* 850 F.Supp. 1481, 1493 (D.Kan.1994). Moreover, the notice given to the defense regarding "other crimes" evidence must be sufficiently clear so as "to permit pretrial resolution of the issue of its admissibility." *United States v. Long,* 814 F.Supp. 72, 74 (D.Kan.1993). *See generally* Colleen A. O'Leary et al., Project, *Eighth Survey of White Collar Crime: Discovery,* 30 Am.Crim.L.Rev. 1049, 1075–78 (1993). The notice requirement is now firmly embedded in Rule 404(b), and courts should rebuff efforts to nullify the Rule's aim of enhancing fairness in criminal trials.

In this case, the defense simply asked for a list of witnesses the government intended to call and their anticipated testimony. That request was so broad that it is questionable that it should have fairly alerted the government to supply evidence under Rule 404(b). We do note, however, that the government represented in its pretrial statement that it was "unaware of any specific trial problems which should be anticipated by the Court." Although we might expect Rule 404(b) admissibility to fall into such a category, the lesson that might be gleaned from this case is that it is more prudent for defense counsel to include a reference to Rule 404(b) in the boilerplate request for discovery under Fed. R.Crim.P. 16.

■ Although the defendants have vigorously pressed this case on the basis of the government's failure to supply Rule 404(b) information, we prefer to follow another route—that the disputed testimony was not within the scope of the Rule. In *United States v. Torres,* 685 F.2d 921, 924 (5th Cir. 1982) (per curiam), the Court of Appeals explained that Rule 404(b) does not apply where the challenged evidence is "inextricably intertwined" with evidence of the crime charged in the indictment.

When the other crimes or wrongs occurred at different times and under different circumstances from the offense charged, the deeds are termed "extrinsic." "Intrinsic" acts, on the other hand, are those that are part of a single criminal episode. Rule 404(b) is not implicated when the other crimes or wrongs evidence is part of a continuing pattern of illegal activity. When that circumstance applies, the government has no duty to disclose the other crimes or wrongs evidence.

The 1991 Advisory Committee note to Rule 404(b) is in agreement: "The amendment does not extend to evidence of acts which are 'intrinsic' to the charged offense, *see United States v. Williams,* 900 F.2d 823 (5th Cir. 1990)...." For similar holdings, see *United States v. Dozie,* 27 F.3d 95, 97 (4th Cir.1994) (per curiam), *United States v. Nicholson,* 17 F.3d 1294, 1298 (10th Cir.1994), *United States v. Sparks,* 2 F.3d 574, 581 (5th Cir. 1993), and *United States v. Lambert,* 995 F.2d 1006, 1007–08 (10th Cir.1993).

In this case, there was a direct connection between the earlier "short" drug shipment and the receipt of the one for which defendants were charged. The trial court concluded that the evidence could stand for the proposition that the drugs which were the subject of the indictment were "to make up for a prior shipment which was short." We agree that the challenged testimony was intrinsic to the conduct alleged in the indictment, and consequently, Rule 404(b) was not implicated. We therefore reject the defendants' contention that the introduction of Watson's testimony was erroneous.[2]

## II.

■ Defendant Pate has raised an additional issue, a challenge to his sentence. As noted earlier, Pate was acquitted of the charge of using or carrying a firearm during the commission of a drug trafficking offense, 18 U.S.C. § 924(c), but was found guilty of being a convicted felon in possession of a firearm, 18 U.S.C. § 922(g)(1).

During the sentencing hearing, the trial judge stated that he intended to apply a two-level increase to the Guideline computation

---

**2.** We also find no merit in the defendants' contention that Watson's testimony was inadmissible under Fed.R.Evid. 403.

pursuant to U.S.S.G. § 2D1.1(b)(1). The judge pointed out that he was not sentencing under the count on which defendant had been acquitted, but "with the evidence that I have in front of me on this matter, I will find that he did possess this weapon in the commission of this offense ...," and accordingly, the enhancement was proper.

Section 2D1.1(b)(1) provides that "[i]f a dangerous weapon (including a firearm) was possessed [during the commission of a drug offense], increase by 2 levels." In *United States v. Duncan*, 918 F.2d 647, 652 (6th Cir.1990), a case similar to the one before us, we held that the sentencing judge properly applied the enhancement notwithstanding the fact that the jury had found the defendant not guilty of the charge of violating 18 U.S.C. § 924(c), the same section pertinent here. Hence, it is clear that *Duncan* controls, and we must reject Pate's attack on his sentence.

Even if we were to conclude that *Duncan* is not dispositive on this issue, we observe that the district court properly sentenced Pate to 240 months imprisonment. When the maximum Guideline sentence is less than the statutorily required mandatory minimum, the latter is the effective sentence. U.S.S.G. § 5G1.1(b) (1992); *see also United States v. Goff*, 6 F.3d 363, 366–67 (6th Cir. 1993). Because Pate had previously been convicted of a felony drug violation and the current offense involved more than one kilogram of a methamphetamine substance, the district court was required to apply the 20–year mandatory minimum in 21 U.S.C. § 841(b)(1)(A)(viii). Even assuming that the enhancement should not have been applied, the applicable Guideline range would have been less than the mandatory minimum, and consequently, even if considered to be an error, adding the enhancement had no effect on Pate's sentence.

Accordingly, the judgments of the district court will be affirmed.