106 F.3d 402
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Oley BURDETTE, II, Alejandro Campos Salinas, Mikeal
Walker, Rafael Solis, Jason Keiper, and Eleazar
Solis, Defendants-Appellants.
 Nos. 95-1996, 95-2041, 95-2042, 95-2043, 95-2044 and 95-2157.
 United States Court of Appeals, Sixth Circuit.
 Jan. 31, 1997.
 
 Before: RYAN, SILER, and BATCHELDER, Circuit Judges.
 PER CURIAM:
 
 
 1
 This case involves a two-count indictment charging numerous defendants with two conspiracies to import marijuana from Mexico into the United States for transport to and sale in Michigan. For the reasons that follow, we affirm the judgment of the district court.
 
 I. BACKGROUND
 
 2
 Defendants-appellants James Oley Burdette II, Alejandro Campos Salinas, Mikeal Walker, Jason Keiper, Eleazar "Toro" Solis, Rafael "Filo" Solis and other defendants were indicted in the United States District Court for the Western District of Michigan. Count I of the two-count indictment charged that from 1990 to June 1994 all the defendants "did knowingly, wilfully, and unlawfully combine, conspire, confederate, and agree ... to possess with intent to distribute and to distribute marijuana" in violation of 21 U.S.C. §§ 846, 841(b)(1), and 841(b)(1)(A)(vii) and 18 U.S.C. § 2. Count II charged that during the same time some of the defendants--including Salinas and the Solises, but not Burdette, Walker, and Keiper--"did knowingly, wilfully, and unlawfully combine, conspire, confederate, and agree ... to unlawfully import [sic ] marijuana into the United States from the Republic of Mexico" in violation of 21 U.S.C. §§ 963, 952(a), 960(a)(1), and 960(b)(1)(G), and 18 U.S.C. § 2.
 
 
 3
 Burdette pleaded guilty and was sentenced to 72 months in prison. Salinas, Walker, and Keiper were convicted on Count I and sentenced to 72 months, 108 months, and 60 months, respectively. The Solises were convicted on Counts I and II and sentenced to 240 months. Burdette, Salinas, Walker, Keiper, and the Solises all appeal.
 
 II. DISCUSSION
 
 4
 The defendants have raised six trial issues and five sentencing issues: First, did the court commit plain error by (1) denying defendant Salinas's Rule 29 motion based solely on venue, (2) not instructing the jury on venue, or (3) denying Salinas's Rule 33 motion based solely on venue? Second, was the evidence sufficient to support the conviction of Walker? Third, did the district court abuse its discretion in admitting statements of coconspirators under FED.R.EVID. 801(d)(2)(E)? Fourth, did the district court abuse its discretion in admitting evidence of a Houston, Texas, marijuana seizure? Fifth, did the district court abuse its discretion in other evidentiary rulings? Sixth, did the district court abuse its discretion in allowing the government to lead a witness upon redirect examination? Seventh, were the district court's findings of fact on the quantity of marijuana per United States Sentencing Guidelines (USSG) § 2D1.1 clearly erroneous? Eighth, did the district court clearly err in concluding the Solises were managers or supervisors under USSG § 3B1.1? Ninth, was the district court's finding that Walker obstructed justice clearly erroneous? Tenth, did the district court clearly err in denying acceptance-of-responsibility credit for Burdette? Eleventh, did the district court clearly err in finding that Eleazar Solis's prior felony conviction was not part of the offense in this case?
 
 
 5
 After carefully reviewing the record, we find patently meritless all of these issues except the fourth, sixth, and eighth and eleventh. Those four issues, although also without merit, nonetheless are worthy of brief discussion.
 
 
 6
 * The Houston marijuana seizure to which the parties refer in the fourth issue for appeal occurred in July 1993. The Solises' function in the marijuana-importation conspiracy was to pass marijuana through the Mexico-Texas border checkpoints. They did this, at least in part, by using a chemical truck. The seizure occurred after federal agents obtained information through an authorized wiretap, which recorded conversations involving the Solises, that a delivery of marijuana would be made in a chemical truck at a Holiday Inn in Houston; the delivery and seizure were made during the time of the conspiracy, north of the checkpoints, in Houston, and involved the Solises. The district court found that the evidence of this seizure of marijuana was "inextricably interwoven in this particular case and that it was of more probative value than prejudicial value, and that it was related both in time sequence and in subject matter sequence and in witness sequence into the actual facts as alleged in the ... second superseding indictment...."
 
 
 7
 The crux of the Solises' and of Walker's contention on this issue is that the government offered no testimony or proffer linking the Houston seizure to the conspiracy charged in the indictment. We review such evidentiary rulings for abuse of discretion. See, e.g., United States v. Hawkins, 969 F.2d 169, 174 (6th Cir.1992).
 
 
 8
 Only relevant evidence is admissible at trial, but all relevant evidence is admissible except as otherwise provided by the Constitution, acts of Congress, the Federal Rules of Evidence, or other rules which the Supreme Court prescribes pursuant to statutory authority. FED.R.EVID. 402. Relevant evidence is that evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED.R.EVID. 401.
 
 
 9
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident....
 
 
 10
 FED.R.EVID. 404(b). Rule 404(b) does not preclude the admission of evidence that is "inextricably intertwined" with evidence of the crime charged in the indictment, i.e., when the evidence "is part of a continuing pattern of illegal activity." United States v. Barnes, 49 F.3d 1144, 1149 (6th Cir.1995). The first conspiracy charged in the case before the district court involved all six of the appellants and the distribution of marijuana in Michigan; the second conspiracy involved three of these appellants, namely, the Solises and Salinas, and the importation of marijuana from Mexico into Michigan. The district court did not abuse its discretion in finding that the Houston seizure was "inextricably interwoven" with the facts of the conspiracies charged in case before it.
 
 B
 
 11
 The Solises contend, in the sixth issue raised on appeal, that the court erred in allowing the government to lead witness Elias Silva on re-direct. We review this for an abuse of discretion, United States v. Shoupe, 548 F.2d 636, 641 (6th Cir.1977), and we review it here only because the Solises claim that the district court made a blanket ruling that the government's leading of witnesses, because it was done on re-direct examination, was proper. That is clearly not what the record reflects. Appellants objected to one leading question by the government, which came after the witness had answered a string of questions on cross-examination about learning to survive in an unsavory business world. That single leading question was: "So it's fair to say, then, that Toro Solis was part of your survival?" It is true that in overruling an objection from defense counsel, the court did note that this was re-direct examination. Silva then answered, "Yes, ma'am." If this was error, see FED.R.EVID. 611(c), it was clearly harmless, and does not warrant reversal of the conviction. See FED.R.CRIM.P. 52(a).
 
 C
 
 12
 The court assessed a three-level sentencing enhancement against the Solises because they were managers or supervisors. See UNITED STATES SENTENCING GUIDELINES, Guidelines Manual, § 3B1.1(b) (Nov. 1994). The Solises' challenge to that enhancement is the eighth issue raised in this appeal. We review for clear error the sentencing court's factual finding of appellants' role in the offense. See, e.g., United States v. Schultz, 14 F.3d 1093, 1099 (6th Cir.1994) (citation omitted).
 
 
 13
 Rafeal Solis says there was no evidence that he was a manager or supervisor, and the district court erred in finding that he was. Eleazar Solis asserts, without offering any support, that the § 3B1.1(b) enhancement was erroneous with respect to him. The government points out that both Solises were responsible for getting the drugs through the Southern Texas checkpoint, and arranging for their transport to Michigan. Certainly the criminal activity in which they participated involved five or more participants, and there is sufficient evidence in the record to support the district court's finding that the Solis brothers were "a pivotal part of the organizational structure" and that they "controlled a part of the organization." The fact that no witness testified that either of the Solises was a "supervisor" or "manager" is not dispositive. We see no reversible error here.
 
 D
 
 14
 Finally, Eleazar Solis contends that the trial court erred in finding that Solis' prior felony conviction in the state court in Georgia was not part of the offenses of conviction in this federal prosecution, see USSG § 4A1.2(a)(1), and thus could be counted in calculating criminal history. Whether this prior conviction was part of the offenses charged in the case before us is a question of fact which we review for clear error. 18 U.S.C. § 3742(e). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). A "choice between two permissible views of the weight of evidence is not 'clearly erroneous.' " United States v. Yellow Cab Co., 338 U.S. 338, 342 (1949). Our review of the record in this case persuades us that, although we might have found the facts differently, we do not have a definite and firm conviction that the district court's findings regarding the Georgia conviction are mistaken. Accordingly, because we find no clear error, we cannot reverse the district court's sentencing judgment.
 
 III. CONCLUSION
 
 15
 Having reviewed the record and all of the issues the defendants have raised, and finding no reversible error, we AFFIRM the judgment of the district court in all respects.