**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 29 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RONNY NORRED, JR.,

    Defendant-Appellant.

No. 00-6444
(W.D. Okla.)
(D.Ct. Nos. 00-CV-1241-C &
98-CR-31-C)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **SEYMOUR**, **McKAY**, and **BRORBY**, Circuit Judges.
_____

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

    Appellant Ronny Norred, Jr., a federal inmate appearing *pro se*, appeals the

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court's decision dismissing his federal habeas motion filed pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. We deny Mr. Norred's request for a certificate of appealability[1] and dismiss his appeal.

Mr. Norred pled guilty to two counts of knowingly and intentionally distributing methamphetamine, one count of knowingly and intentionally possessing methamphetamine, and one count of possessing chemicals and other items with the intent to manufacture methamphetamine, all in violation of 21 U.S.C. § 841(a)(1). *See United States v. Norred*, 185 F.3d 875, 1999 WL 401692 (10th Cir.) (unpublished opinion), *cert. denied*, 528 U.S. 1028 (1999). Mr. Norred also pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *Id.* The district court sentenced Mr. Norred to 235 months in prison on the drug charges, and 120 months in prison on the gun charge, to be served concurrently. *Id.* Mr. Norred appealed, and we affirmed his conviction and sentence. *Id.* at *2.

Thereafter, Mr. Norred filed his § 2255 motion raising five grounds of

---

[1] The district court made no ruling on Mr. Norred's request for a certificate of appealability. Under our Emergency General Order of October 1, 1996, we deem the district court's failure to issue a certificate of appealability within thirty days after filing the notice of appeal as a denial of the certificate.

error, including one claim of ineffective assistance because his appellate attorney failed to raise the other four grounds on direct appeal, and instead filed a "frivolous brief."[2] In the other four grounds raised, Mr. Norred alleged: 1) the government violated the plea agreement by failing to file a motion for downward departure for substantial assistance under United States Sentencing Guideline (U.S.S.G.) § 5K1.1; 2) the district court erred in basing his base offense level on the "relevant conduct" criteria in U.S.S.G. § 1B1.3 because he was never charged with a conspiracy; 3) the two-point enhancement for possession of a firearm in connection with the drug offenses under U.S.S.G. § 2D1.1 constituted impermissible double counting because he was separately charged and convicted with possessing a firearm after a former conviction; and 4) his criminal history over-represented his actual conduct so its use in calculating his sentence was unfair. In addition, Mr. Norred later filed a motion to supplement his pleadings, raising a claim under *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

The district court issued an order denying Mr. Norred's § 2255 motion. While the district court acknowledged issues not raised on direct appeal are

---

[2] Mr. Norred contends this court contributed to his ineffective assistance of counsel claim when we denied his counsel's motion to withdraw and his *pro se* motion to represent himself on direct appeal. For the reasons stated in the district court's order and herein, we find Mr. Norred's contention baseless.

procedurally barred absent a showing of cause and prejudice, it nevertheless considered the issues Mr. Norred raised in conjunction with his ineffective assistance of appellate counsel claim. Applying the criteria in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the district court determined Mr. Norred made no showing of constitutionally deficient performance by his appellate counsel, and there was "clearly no prejudice from appellate counsel's failure to raise [the other issues alleged]." The district court based its holding on its following determinations: 1) the record belied Mr. Norred's claim the government violated the plea agreement by failing to move for a downward departure; 2) "relevant conduct" under U.S.S.G. § 1B1.3 includes a jointly undertaken criminal activity for the purpose of determining his sentence, regardless of whether Mr. Norred was charged with a conspiracy[3]; 3) the grouping of offenses under U.S.S.G. § 3D1.2 prevents double counting so that Mr. Norred's two-point enhancement for possession of a firearm in connection with his drug offenses was not double counting in relation to his conviction for possession of a firearm after a former conviction;[4] and 4) the use of Mr. Norred's prior

---

[3] *See* U.S.S.G. § 1B1.3, cmt. n.2.

[4] *See, e.g., United States v. Barnes*, 49 F.3d 1144, 1149-50 (6th Cir. 1995) (concluding two-level enhancement for firearm possession was appropriate even though defendant was acquitted of using a firearm during a drug offense, but convicted of drug offense and being a convicted felon in possession of a firearm under 18 U.S.C. § 922(g)(1)); *United States v. Patterson,* 947 F.2d 635, 637-38 (2nd Cir. 1991) (holding

convictions and points attributed to them was proper under the Sentencing Guidelines, so that the criminal history score used in calculating his sentence was not unfair.

Finally, the district court determined no colorable *Apprendi* claim existed because Mr. Norred's 235- and 120-month concurrent sentences were less than the statutory maximum of twenty years under 21 U.S.C. § 841(b)(1)(C). For these reasons the district court denied Mr. Norred's § 2255 motion.

On appeal, Mr. Norred renews his contention his sentence is not based on "relevant conduct" under U.S.S.G. § 1B1.3 and is invalid under *Apprendi*. He also renews his ineffective assistance of counsel claim, claiming his appellate counsel filed a frivolous appeal brief on direct appeal. For the first time on appeal, Mr. Norred also contends his trial attorney acted ineffectively by failing to conduct a more thorough pretrial investigation for the purpose of developing an alibi defense. Finally, Mr. Norred alleges the district court erred and abused its discretion by failing to conduct an evidentiary hearing on his § 2255 motion.

two-point enhancement for possession of a firearm did not constitute double counting where, like here, drug offense and gun counts were grouped together and resulting base offense level reflected a higher drug count offense level).

In reviewing the district court's denial of Mr. Norred's § 2255 motion, we review its legal rulings *de novo* and factual findings for clear error. *See United States v. Kennedy*, 225 F.3d 1187, 1193 (10th Cir. 2000), *cert. denied*, 121 S. Ct. 1406 (2001). Ineffective assistance of counsel claims involve mixed questions of law and fact which we review *de novo*. *See United States v. Prows*, 118 F.3d 686, 691 (10th Cir. 1997). Finally, we review the district court's denial of an evidentiary hearing in a § 2255 proceeding for abuse of discretion. *See United States v. Nichols*, 169 F.3d 1255, 1263 (10th Cir.), *cert. denied*, 528 U.S. 934 (1999). Under 28 U.S.C. § 2255, the district court is required to conduct an evidentiary hearing "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." *Kennedy*, 225 F.3d at 1193 (alteration and citation omitted.)

With these standards of review in mind, we have conducted a thorough review of the pleadings and entire record on appeal. For the purposes of judicial economy, we decline to duplicate the district court's clear, comprehensive and correct analysis and resolution of Mr. Norred's claims in his § 2255 motion. As to Mr. Norred's new claims on appeal, we generally will not consider an issue not passed on below. *See Moore v. Gibson*, 195 F.3d 1152, 1181 (10th Cir. 1999), *cert. denied*, 530 U.S. 1208 (2000). Lastly, our review of the record shows the

district court did not abuse its discretion in denying Mr. Norred's request for an evidentiary hearing.

In order for Mr. Norred to obtain a certificate of appealablity, he must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He fails to do so. Accordingly, we deny Mr. Norred's request for a certificate of appealability for substantially the same reasons set forth in the district court's Order dated October 17, 2000, and **DISMISS** his appeal. We further deny Mr. Norred's request to proceed on appeal *in forma pauperis*.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge