**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Leroy HOOD, Defendant–Appellant.**

**No. 00–6319.**

United States Court of Appeals, Sixth Circuit.

Aug. 8, 2001.

Before CLAY, GILMAN, and WALLACE,* Circuit Judges.

Leroy Hood, a federal prisoner, appeals the conviction and sentence imposed following his guilty plea to one count of conspiracy to manufacture marijuana in violation of 21 U.S.C. § 846, one count of conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846, one count of manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1), and one count of possessing marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Hood pleaded guilty to the counts described above on January 18, 2000, including the criminal forfeiture of certain real and personal property used in the marijuana operation. There was no written plea agreement, but the government recited the understandings of the parties relating to the plea at the change of plea hearing, and defense counsel agreed that this recitation was accurate. The agreement included a stipulation that Hood was responsible for

* The Honorable J. Clifford Wallace, United States Circuit Judge for the Ninth Circuit, sitting by designation.

the manufacture of 2,684 marijuana plants, triggering a statutory mandatory minimum sentence of ten years. The government also promised to consider a motion for a downward departure under USSG § 5K1.1 due to substantial assistance in the event that Hood provided truthful cooperation but did not qualify for the "safety valve" provision of 18 U.S.C. § 3553(f), also set forth in USSG § 5C1.2.

On August 29, 2000, the district court sentenced Hood to the mandatory minimum of 120 months in prison on each of counts 1 to 4, to run concurrently, followed by five years of supervised release. Hood's criminal history category of II precluded relief from the mandatory minimum sentence under the safety valve provision and the government declined to move for a downward departure under § 5K1.1. The judgment was entered on September 14, 2000.

Hood's court-appointed counsel filed a brief on appeal and also a motion to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After a review of the record, counsel was of the opinion that there were no meritorious grounds for appeal, but did raise the following issues for review: (1) the trial court erred in refusing to conduct an in camera hearing concerning Hood's motion for a downward departure; (2) the trial court erred in refusing to permit Hood to proffer the content of his cooperation with the United States in satisfaction of his plea bargain; (3) the trial court erred in refusing to depart downward based upon the facts; (4) the trial court erred by holding that the plea agreement did not create a contractual arrangement between Hood and the government; (5) the government bargained away its discretion in moving for a downward departure under § 5K1.1; and (6) the rule of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), should be applied retroactively to establish a jurisdictional defect in the indictment. Hood has responded to his attorney's *Anders* brief by requesting that a different attorney be assigned to represent him on appeal and requesting oral argument.

Upon review, we grant counsel's motion to withdraw because he has filed an acceptable *Anders* brief that concludes, after a review of the entire record, that there are no meritorious grounds for relief and which raises the only issues he determined to be arguable. We affirm the district court's judgment because the government was not required to move for a downward departure under § 5K1.1, the district court's decision not to depart on other grounds is not reviewable, and *Apprendi* is not applicable to this case because Hood stipulated to the amount of drugs attributable to him.

■ Hood's first two issues on appeal claim that the district court erred by not holding an *in camera* hearing on his motion for a downward departure under § 5K1.1 at which he could proffer the extent of his cooperation with the United States in satisfaction of his plea bargain. It is apparent from the district court's statement denying the motion that the court did not doubt it had the *authority* to conduct an *in camera* hearing, but determined that such a hearing was inappropriate in this case. In any event, the district court correctly noted that a § 5K1.1 motion is made at the government's discretion and the court could not force it to make such a motion, or to *sua sponte* depart downward under § 5K1.1. *See Wade v. United States,* 504 U.S. 181, 185, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992); *United States v. Moore,* 225 F.3d 637, 643–44 (6th Cir.2000).

■ Hood's next issue on appeal asserts that the government bargained away its discretion in the plea agreement and was

bound by the quasi-contractual terms of that agreement to move for a downward departure. This assertion is belied by the transcript of the plea proceeding, in which both the government and the district court emphasized the fact that the government retained its discretion to move for a § 5K1.1 motion and promised only to *consider* making the motion based upon Hood's truthful cooperation. "When a plea agreement allocates complete discretion to the government to consider whether a substantial assistance motion should be filed, [this court] may only review the government's decision for unconstitutional motives." *Moore*, 225 F.3d at 641. The record is clear that the government declined to make a § 5K1.1 motion because it did not believe Hood was providing truthful information, even specifying particular ways in which Hood had changed his story at each interview. Because there is no evidence that the government's decision was based upon an unconstitutional motive, its refusal to move for a downward departure is not reviewable.

■ Hood also submitted a motion for downward departure based upon his age and infirmity. Hood was 66 years old at the time he was sentenced and complained of hiatal hernia, depression, and anxiety. The district court denied the motion because it saw nothing in the motion that "comes, quite frankly, close to qualifying." This court has consistently held that "a district court's discretionary refusal to depart downward is generally not appealable, unless the district court mistakenly believed it did not have legal authority to depart downward." *United States v. Pruitt*, 156 F.3d 638, 650 (6th Cir.1998); *see also United States v. Strickland*, 144 F.3d 412, 418 (6th Cir.1998). "Moreover, the district court need not explicitly state that it is aware of its discretionary power to depart downward; as long as the record makes clear such an awareness, the district court's decision is insulated from

review." *Strickland*, 144 F.3d at 418. The record in this case makes clear that the district court knew it had the legal authority to depart downward based on age and infirmity, but found that Hood's case did not warrant a departure. In any event, since Hood was subject to a statutory minimum sentence that exceeded his applicable guideline range, any downward departure (other than one for substantial assistance) would have had no effect on his sentence. *See* USSG § 5G1.1(b); *United States v. Barnes*, 49 F.3d 1144, 1150 (6th Cir.1995).

■ Finally, Hood argues that *Apprendi*, which was decided after he pleaded guilty, should apply retroactively to render his indictment constitutionally infirm because it did not specify a drug quantity. *Apprendi*, however, did not involve a defective indictment. Instead, the decision limited a sentencing court's authority to make factual findings which affect a defendant's sentence by holding that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 488, 120 S.Ct. at 2362–63 (2000). This court has applied the *Apprendi* rule in drug cases where the amount of drugs attributable to the defendant determines the appropriate statutory punishment. *See United States v. Flowal*, 234 F.3d 932 (6th Cir.2000). Hood's sentence of 120 months is less than the lowest statutory maximum available; consequently, it would initially appear that *Apprendi* is inapplicable to his case for this reason.

Recently, however, this court held that *Apprendi* also applies to a case where the penalty, although below the lowest statutory maximum, was increased "from a non-mandatory minimum sentence to a mandatory minimum sentence, or from a lesser

to a greater minimum sentence." *United States v. Ramirez*, 242 F.3d 348, 351–52 (6th Cir.2001). The court continued, "From a practical perspective, this means that when a defendant is found guilty of violating 21 U.S.C. § 841(a)(1), he must be sentenced under 21 U.S.C. § 841(b)(1)(C) unless the jury has found beyond a reasonable doubt that the defendant possessed the minimum amounts required by § 841(b)(1)(A) and § 841(b)(1)(B)." *Id.* at 352.

Hood was sentenced under § 841(b)(1)(A), and was thus subject to the higher of the mandatory minimums available. Thus, he could logically make the argument that *Ramirez* requires that he be resentenced to a term within the applicable guidelines sentencing range. But this court even more recently decided a case that, like Hood's, involved a guilty plea and a stipulated drug quantity. The defendant in *Ramirez* was convicted by a jury, while the judge determined the amount of drugs involved by a preponderance of the evidence. In contrast, the defendant in *United States v. Harper*, 246 F.3d 520, 2001 WL 331986 (6th Cir. Apr.6, 2001), pleaded guilty to possession with intent to distribute marijuana. The factual basis he offered to support his guilty plea included a stipulation that the amount of marijuana for which he was responsible was 1108 pounds. *Id.* at 523. This amount carried a mandatory minimum sentence of ten years and a maximum of life. Thus, the trial judge did not determine the amount of drugs attributable to Harper which subjected him to an enhanced statutory sentence. *Id.* at 529. Harper did not challenge either the validity of his guilty plea or the amount of drugs stipulated. *Id.* at 529. Because the defendant stipulated to the applicable drug amount and the district court did not rely on any fact outside of the plea agreement to determine drug quantity at sentencing, this court held that "the principles articulated in *Ap-prendi* are not implicated by the instant case." *Id.*

Hood, like Harper, does not challenge the validity of his plea agreement, in which he stipulated to the quantity of drugs for which he was responsible. The district court did not rely on any other fact to determine the quantity of drugs attributable to Hood for sentencing. Thus, this court's holding in *Harper* directly controls this issue and *Apprendi* is inapplicable to Hood's case.

Accordingly, counsel's motion to withdraw is granted and Hood's requests for new counsel and for oral argument are denied. The district court's judgment, entered on September 14, 2000, is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.