**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Keith BROWEN, Defendant–Appellant.**

No. 01–1601.

United States Court of Appeals,
Sixth Circuit.

Aug. 5, 2002.

Before RYAN and BOGGS, Circuit Judges; HAYNES, District Judge.*

Keith Browen appeals from his judgment of conviction and sentence. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, Browen pleaded guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. The district court sentenced Browen to 83 months of imprisonment and ten years of supervised release, and the court imposed a $100 special assessment. In this timely appeal, Browen argues that the two-point sentencing enhancement under USSG § 2D1.1(b)(1) improperly shifts the burden of proof to him.

Upon review, we conclude that Browen has waived his challenge to his sentence. In his plea agreement, Browen specifically agreed not to appeal or otherwise challenge the constitutionality or legality of the Sentencing Guidelines. Further, Browen

agreed not to appeal the accuracy of any factor stipulated in the sentencing worksheets that were submitted with the plea agreement; the two-point enhancement for possession of a firearm under § 2D1.1(b)(1) was set forth in the stipulated worksheets. Browen's knowing and voluntary waiver of his right to appeal contained in the plea agreement is valid and precludes review of his issue on appeal. *United States v. Fleming,* 239 F.3d 761, 764–65 (6th Cir.2001); *United States v. Bazzi,* 94 F.3d 1025, 1028 (6th Cir.1996); *United States v. Allison,* 59 F.3d 43, 46 (6th Cir.1995).

Even without this waiver, it is unnecessary to review Browen's claim on the merits. It is undisputed that, even though his Guidelines range was 188 to 235 months of imprisonment, Browen was subject to a mandatory minimum sentence of 240 months of imprisonment. While he argues that he should not have received the two-point enhancement under § 2D1.1(b)(1), the elimination of this enhancement would merely have reduced his potential Guidelines range and would not have impacted the applicability of the 20–year mandatory minimum sentence. Since the mandatory minimum sentence ultimately becomes the Guidelines sentence regardless of the enhancement, *see* USSG § 5G1.1(b), Browen's argument does not impact his sentence, and it is unnecessary to consider the issue. *See United States v. Barnes,* 49 F.3d 1144, 1150 (6th Cir.1995). We also note that, pursuant to a government motion under USSG § 5K1.1, the district court granted Browen a substantial downward departure when it sentenced him to 83 months of imprisonment.

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

Accordingly, this court affirms the district court's judgment.