*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0280P (6th Cir.)
File Name: 03a0280p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————

UNITED STATES OF AMERICA,
　　　　*Plaintiff-Appellee,*

　　　*v.*

LAVADIUS FAISON,
　　　　*Defendant-Appellant.*

No. 01-6344

———————

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 99-20250—Thomas A. Wiseman, Jr.,
Senior District Judge.

Argued: June 19, 2003

Decided and Filed: August 11, 2003

Before: DAUGHTREY and ROGERS, Circuit Judges;
QUIST, District Judge.*

———————

## COUNSEL

**ARGUED:** Michael J. Stengel, STENGEL LAW OFFICE,
Memphis, Tennessee, for Appellant. Scott F. Leary,

———————

* The Honorable Gordon J. Quist, United States District Judge for the
Western District of Michigan, sitting by designation.

UNITED STATES ATTORNEY, Memphis, Tennessee, for
Appellee. **ON BRIEF:** Michael J. Stengel, STENGEL LAW
OFFICE, Memphis, Tennessee, for Appellant. Thomas L.
Parker, UNITED STATES ATTORNEY, Memphis,
Tennessee, for Appellee.

———————

## OPINION

———————

GORDON J. QUIST, District Judge. Defendant, Lavadius
Faison, was charged with conspiring to possess with intent to
distribute more than five kilograms of cocaine in violation of
21 U.S.C. § 846. He pled guilty and was sentenced to 151
months incarceration to be followed by five years of
supervised release. The sole issue on appeal is whether the
district court erred in enhancing Faison's sentence by two
points for possessing a dangerous weapon in connection with
the offense. U.S.S.G. § 2D1.1(b)(1). We hold that the
district court did not err.

The indictment charged Faison with participating in the
cocaine conspiracy from about January 1, 1998, up to and
including November 1, 1999. Faison was arrested at his
home on about January 29, 2001, over a year after the charged
end date of the conspiracy. When he was arrested, Faison's
home was searched, which resulted in the seizure of about
$70,000 in currency, jewelry with an appraised value of
$151,000, a loaded .454 caliber Taurus pistol, two boxes of
pistol ammunition, a small amount of marijuana, documents
indicating Faison's use of false names, and digital scales. A
search of Faison's common law wife's Lexus vehicle, which
was parked in the garage of the house, yielded a loaded Kal-
Tec .30 caliber pistol. At the time of his plea, Faison
admitted that the $70,000 seized was "drug proceeds," and he
conceded that the money was "either for the sale of cocaine
or to be used to purchase cocaine or both."

Faison does not argue that the firearms and ammunition found in the home or the vehicle were clearly not related to drug trafficking. Indeed, in light of his own admission of drug trafficking and the fact that the firearms were located close to the drug proceeds or cash with which to purchase drugs, he could not make such an argument. *See*, *United States v. Moses*, 289 F.3d 847, 850 (6th Cir. 2002); *United States v. Hough*, 276 F.3d 884, 894 (6th Cir. 2002). Rather, Faison argues that the fourteen month delay from the end date of the charged conspiracy, to the date that he was arrested and the firearms and money were found, bars the dangerous weapon enhancement from being applied because the firearms were not shown to have been connected to the offense conduct - the conspiracy which was alleged to have concluded in November 1999.

Faison's argument would have had some merit before November 1, 1991. Prior to that date, in order for this enhancement to apply, the dangerous weapon would have had to have been possessed during the commission of the offense. Effective November 1, 1991, however, the guidelines removed the requirement of the weapon being possessed during the commission of the offense. Since that date, all that the government need show is that the dangerous weapon be possessed during "relevant conduct." As stated by the United States Court of Appeals for the Seventh Circuit:

> The Sentencing Commission, by extracting the restriction that a dangerous weapon be possessed during the commission of the offense of conviction for the enhancement to apply, expanded the scope and applicability of the weapons enhancement. This deletion represents a conscious choice to alter the applicability of § 2D1.1(b)(1). Without this restriction in the Guidelines, the criminal defendant . . . is now fair game for the application of the rules of relevant conduct to the weapons enhancement . . . Accordingly, district courts must no longer limit their review to the evidence dealing

> with the proximity of the firearm and the drugs at the specific time of the offense of conviction . . . .

*United States v. Mumford*, 25 F.3d 461, 469 (7th Cir. 1994) (citations omitted).[1] *See* USSG Appendix C, amend. 394.

Relevant conduct under the sentencing guidelines includes "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). In order for the cocaine dealing in 2001 to be part of the same course of conduct as the offense conduct, the court must examine "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." *Hill*, 79 F.3d at 1481-82. In order for the 2001 cocaine dealing to be

---

[1]Some post-1991 Sixth Circuit cases—primarily in reliance on the pre-1991-amendment case *United States v. Sanchez*, 928 F.2d 1450 (6th Cir. 1991)—have continued to repeat the "during the commission of the offense" language when treating other issues, like who has the burden of showing possession. *See United States v. Stewart*, 306 F.3d 295, 326 (6th Cir. 2002); *United States v. Miggins*, 302 F.3d 384, 391 (6th Cir. 2002); *Moses*, 289 F.3d at 850; *Hough*, 276 F.3d at 894; *United States v. Bender*, 265 F.3d 464, 474 (6th Cir. 2001); *United States v. Hardin*, 248 F.3d 489, 497 (6th Cir. 2001); *United States v. Dunlap*, 209 F.3d 472, 476 (6th Cir. 2000); *United States v. Saikaly*, 207 F.3d 363, 368 (6th Cir. 2000); *United States v. Owusu*, 199 F.3d 329, 347 (6th Cir. 2000); *United States v. Pruitt*, 156 F.3d 638, 649 (6th Cir. 1998); *United States v. Elder*, 90 F.3d 1110, 1134 (6th Cir. 1996); *United States v. Hill*, 79 F.3d 1477, 1485 (6th Cir. 1996); *United States v. Barnes*, 49 F.3d 1144, 1150 (6th Cir. 1995); *United States v. Calhoun*, 49 F.3d 231, 236 (6th Cir. 1995). But the "during the commission of the offense" language is dictum with respect to the issue presented in this case, because in all of those cases the dispute concerned only whether the gun was possessed during the offense of conviction, and hence in those cases we had no need to consider the "relevant conduct" provisions. Further, the word "offense" is defined in the guidelines as "the offense of conviction and all relevant conduct under §1B1.3 (Relevant Conduct)." U.S.S.G. § 1B1.1, cmt. n.1(k); *see also United States v. Roederer*, 11 F.3d 973, 982 (10th Cir. 1993) (noting that "[t]he amended version [of § 2D1.1(b)(1)] now conforms to U.S.S.G. § 1B1.1 (comment. n.1([k])"). Consequently, our prior statements do not support Faison's argument.

part of a common scheme or plan relating to the offense of conviction, the 2001 conduct must be substantially connected by at least one common factor such as "common victims, common accomplices, common purpose, or similar *modus operandi*." *Id.* Faison was guilty of a conspiracy to traffic in cocaine through October 1999, and his possession of $70,000 in drug proceeds together with his admission at the time of his plea shows him to be a continuing cocaine trafficker when he was arrested in January 2001. Faison's continuing cocaine trafficking constitutes the same course of conduct and has a common purpose as his offense of conviction. Therefore, the possession of the dangerous weapons during drug trafficking in 2001 was conduct relevant to the offense of conviction.

Because Faison possessed dangerous weapons during the course of relevant conduct, the two point enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) was appropriate. Faison's sentence is, therefore, AFFIRMED.