**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Juan REYES, Defendant–Appellant.**

**Nos. 03–1282, 03–1408.**

United States Court of Appeals,
Sixth Circuit.

Dec. 11, 2003.

Janice Kittel Mann, Asst. U.S. Attorney, Joan E. Meyer, U.S. Attorney's Office for the Western District of Michigan, Grand Rapids, MI, for Plaintiff–Appellee.

Juan Reyes, pro se, Federal Correctional Institute, Beaumont, TX, for Defendant–Appellant.

Before BOGGS, Chief Judge;
BATCHELDER and SUTTON, Circuit Judges.

*ORDER*

Juan Reyes appeals pro se from a district court judgment that denied a motion to modify his sentence under 18 U.S.C. § 3582(c)(2). His appeal has been referred to a panel of this court under Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 1993, Reyes was convicted of money laundering and of conspiring to distribute marijuana, cocaine and heroin. *See* 18 U.S.C. § 1956; 21 U.S.C. §§ 841(a)(1) *and*

846. He was sentenced to life imprisonment on the drug charges and a concurrent term of 240 months for money laundering. That judgment was affirmed on direct appeal.

Reyes subsequently filed a motion to vacate his sentence under 28 U.S.C. § 2255. That motion was denied in 1997, and his appeal was dismissed because it was untimely. In addition, our court has denied at least one application in which Reyes sought leave to file a second or successive § 2255 motion under 28 U.S.C. § 2244.

In his § 3582(c)(2) motion, Reyes primarily alleged that the calculation of his base offense level should be revised pursuant to Amendment 505 to the sentencing guidelines. The district court denied this motion on February 14, 2003, and Reyes's motion for reconsideration was denied on March 10, 2003. It is from these two orders that he now appeals.

Under § 3582(c)(2), the district court may reduce the term of imprisonment of a defendant if his sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o* )." We review the denial of a § 3582(c)(2) motion for an abuse of discretion. *United States v. Ursery,* 109 F.3d 1129, 1137 (6th Cir. 1997). The district court may exercise its discretion to deny a motion under § 3582(c)(2), even if an amendment to the guidelines has lowered the relevant sentencing range. *Id.*

Amendment 505 to the sentencing guidelines reduced the base offense levels for various drug crimes. *See* U.S. Sentencing Guidelines Manual App. C (1995). In his motion, Reyes alleged that the retroactive application of the amendment would reduce his base offense level from 43 to 38. However, the district court properly found that the amendment was of no help to Reyes, as his life sentence was statutorily mandated by 21 U.S.C. § 841(b)(1)(A).

Reyes now argues that he should have been sentenced within the amended range, even if his guideline sentence fell below the minimum term that was statutorily mandated for his offense. This argument fails because a guideline sentence is generally governed by statute when the statutory minimum exceeds the otherwise applicable guideline range. *See* USSG § 5G1.1(b); *United States v. Barnes,* 49 F.3d 1144, 1150 (6th Cir.1995). Thus, the court acted within its discretion by denying Reyes's motion, as the retroactive application of Amendment 505 would not have affected his sentencing guideline range. *See United States v. Smartt,* 129 F.3d 539, 542 (10th Cir.1997).

Reyes also argues that the district court's application of § 841(b)(1)(A) violated the holding in *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). However, it is now clear that *Apprendi* is not retroactively applicable, even to cases on initial collateral review. *See Goode v. United States,* 305 F.3d 378, 382 (6th Cir.), *cert. denied,* 537 U.S. 1096, 123 S.Ct. 711, 154 L.Ed.2d 647 (2002).

We have considered Reyes's other arguments and they are all equally unavailing.

Accordingly, the district court's judgment is affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.