**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Anthony Antonio FULLER, also known as Anthony Antonio Cox, Defendant–Appellant.**

**No. 02–6199.**

United States Court of Appeals, Sixth Circuit.

Aug. 13, 2003.

Before DAUGHTREY, MOORE, and SUTTON, Circuit Judges.

### ORDER

Anthony Antonio Fuller (also known as Anthony Antonio Cox) appeals his judgment of conviction and sentence. The parties have expressly waived oral argument pursuant to Rule 34(j)(3), Rules of the Sixth Circuit, and we agree that oral argument is not necessary. Fed. R.App. P. 34(a).

Fuller pleaded guilty to a charge that he possessed 47.8 grams of cocaine base with the intent to distribute it, a violation of 21 U.S.C. § 841(a)(1). He was sentenced to 124 months of imprisonment to be followed by four years of supervised release.

In his timely appeal, Fuller argues that the district court erred by increasing his offense level by two points, pursuant to USSG 2D1.1(b)(1), for possession of a dangerous weapon in connection with a drug trafficking offense.

We review the district court's finding that Fuller possessed a dangerous weapon in connection with the offense for clear error, under the preponderance of the evidence standard. *See United States v. Dunlap*, 209 F.3d 472, 476 & n. 8 (6th Cir.2000). An application note to § 2D1.1(b)(1) indicates that the enhancement should be applied "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." § 2D1.1, comment. (n.3). The government was required to prove that Fuller had actual or constructive possession of the weapon. Once it did so, the burden shifted to Fuller to "prove the clear improbability of any connection between the drug offense and the weapon." *Dunlap*, 209 F.3d at 477.

The district court did not err. Although he objected to the enhancement, Fuller presented no evidence concerning "clear improbability" at sentencing. He also did not dispute possession of the weapon. He argues that the weapon was not connected to his offense because it was unloaded and resting in a cardboard box.

In *United States v. Chalkias*, 971 F.2d 1206, 1216 (6th Cir.1992), we upheld an offense-level enhancement for possession of a dangerous weapon in connection with a drug offense where the defendant possessed an unloaded MAC–10 pistol that had been hidden in the basement of a house. In *Chalkias*, we distinguished *United States v. Garner*, 940 F.2d 172 (6th Cir.1991), in which we held that possession of an unloaded antique derringer locked in a basement safe was clearly not connected to the drug offense. *Id.* at 176. In *Chalkias* we noted that the gun in issue and the gun in *Garner* were unloaded. Nevertheless, in *Chalkias* we emphasized that the MAC–10 was of a type commonly used in drug offenses and that the location of the weapon indicated concealment rather than permanent storage. *Chalkias*, 971 F.2d at 1217. Based on these factors, we held that

the defendant had not established the clear improbability of a connection between the weapon and the drug offense. *Id.*

As in *Chalkias,* the weapon Fuller possessed was in a place of concealment, rather than permanent storage. It was of a type commonly seen in drug offenses, and it was found in close proximity to the crack cocaine. The fact that the weapon was unloaded is, as in *Chalkias,* insufficient to establish the clear improbability of a connection between weapon and offense. *Chalkias,* 971 F.2d at 1217.

For this reason, we affirm the district court's judgment.