**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Lavadius FAISON, Defendant– Appellant.**

**No. 01–6344.**

United States Court of Appeals, Sixth Circuit.

Argued June 19, 2003.

Decided and Filed Aug. 11, 2003.

Rehearing Denied Sept. 12, 2003.

---

Thomas L. Parker (briefed), Asst. U.S. Attorney, Memphis, TN, Scott F. Leary (argued), U.S. Attorneys Office, Memphis, TN, for Plaintiff–Appellee.

Michael J. Stengel (argued and briefed), Stengel Law Office, Memphis, TN, for Defendant–Appellant.

Before: DAUGHTREY and ROGERS, Circuit Judges; QUIST, District Judge.*

## OPINION

QUIST, District Judge.

Defendant, Lavadius Faison, was charged with conspiring to possess with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 846. He pled guilty and was sentenced to 151 months incarceration to be followed by five years of supervised release. The sole issue on appeal is whether the district court erred in enhancing Faison's sentence by two points for possessing a dangerous weapon in connection with the offense. U.S.S.G. § 2D1.1(b)(1). We hold that the district court did not err.

The indictment charged Faison with participating in the cocaine conspiracy from about January 1, 1998, up to and including November 1, 1999. Faison was arrested at his home on about January 29, 2001, over a year after the charged end date of the conspiracy. When he was arrested, Faison's home was searched, which resulted in the seizure of about $70,000 in currency, jewelry with an appraised value of $151,000, a loaded .454 caliber Taurus pistol, two boxes of pistol ammunition, a small amount of marijuana, documents indicating Faison's use of false names, and digital scales. A search of Faison's common law wife's Lexus vehicle, which was parked in the garage of the house, yielded a loaded Kal–Tec .30 caliber pistol. At the time of his plea, Faison admitted that the $70,000 seized was "drug proceeds," and he conceded that the money was "either from the sale of cocaine or to be used to purchase cocaine or both."

Faison does not argue that the firearms and ammunition found in the home or the vehicle were clearly not related to drug trafficking. Indeed, in light of his own admission of drug trafficking and the fact that the firearms were located close to the drug proceeds or cash with which to purchase drugs, he could not make such an argument. *See, United States v. Moses,* 289 F.3d 847, 850 (6th Cir.2002); *United States v. Hough,* 276 F.3d 884, 894 (6th Cir.2002). Rather, Faison argues that the fourteen month delay from the end date of the charged conspiracy, to the date that he

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

was arrested and the firearms and money were found, bars the dangerous weapon enhancement from being applied because the firearms were not shown to have been connected to the offense conduct—the conspiracy which was alleged to have concluded in November 1999.

Faison's argument would have had some merit before November 1, 1991. Prior to that date, in order for this enhancement to apply, the dangerous weapon would have had to have been possessed during the commission of the offense. Effective November 1, 1991, however, the guidelines removed the requirement of the weapon being possessed during the commission of the offense. Since that date, all that the government need show is that the dangerous weapon be possessed during "relevant conduct." As stated by the United States Court of Appeals for the Seventh Circuit:

> The Sentencing Commission, by extracting the restriction that a dangerous weapon be possessed during the commission of the offense of conviction for the enhancement to apply, expanded the scope and applicability of the weapons enhancement. This deletion represents a conscious choice to alter the applicabil-

ity of § 2D1.1(b)(1). Without this restriction in the Guidelines, the criminal defendant … is now fair game for the application of the rules of relevant conduct to the weapons enhancement … Accordingly, district courts must no longer limit their review to the evidence dealing with the proximity of the firearm and the drugs at the specific time of the offense of conviction ….

*United States v. Mumford,* 25 F.3d 461, 469 (7th Cir.1994) (citations omitted).[1] *See* USSG Appendix C, amend. 394.

Relevant conduct under the sentencing guidelines includes "all acts and omissions … that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). In order for the cocaine dealing in 2001 to be part of the same course of conduct as the offense conduct, the court must examine "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." *Hill,* 79 F.3d at 1481–82. In order for the 2001 cocaine dealing to be part of a common scheme or plan relating to the offense of conviction, the 2001 conduct must be sub-

---

1. Some post–1991 Sixth Circuit cases—primarily in reliance on the pre–1991—amendment case *United States v. Sanchez,* 928 F.2d 1450 (6th Cir.1991)—have continued to repeat the "during the commission of the offense" language when treating other issues, like who has the burden of showing possession. *See United States v. Stewart,* 306 F.3d 295, 326 (6th Cir.2002); *United States v. Miggins,* 302 F.3d 384, 391 (6th Cir.2002); *Moses,* 289 F.3d at 850; *Hough,* 276 F.3d at 894; *United States v. Bender,* 265 F.3d 464, 474 (6th Cir.2001); *United States v. Hardin,* 248 F.3d 489, 497 (6th Cir.2001); *United States v. Dunlap,* 209 F.3d 472, 476 (6th Cir.2000); *United States v. Saikaly,* 207 F.3d 363, 368 (6th Cir.2000); *United States v. Owusu,* 199 F.3d 329, 347 (6th Cir.2000); *United States v. Pruitt,* 156 F.3d 638, 649 (6th Cir.1998); *United States v. Elder,* 90 F.3d 1110, 1134 (6th Cir.1996); *United States v. Hill,* 79 F.3d 1477, 1485 (6th Cir.1996); *United States v. Barnes,* 49 F.3d 1144, 1150 (6th Cir.1995); *United States v. Calhoun,* 49 F.3d 231, 236 (6th Cir. 1995). But the "during the commission of the offense" language is dictum with respect to the issue presented in this case, because in all of those cases the dispute concerned only whether the gun was possessed during the offense of conviction, and hence in those cases we had no need to consider the "relevant conduct" provisions. Further, the word "offense" is defined in the guidelines as "the offense of conviction and all relevant conduct under § 1B1.3 (Relevant Conduct)." U.S.S.G. § 1B1.1, cmt. n. 1(k); *see also United States v. Roederer,* 11 F.3d 973, 982 (10th Cir.1993) (noting that "[t]he amended version [of § 2D1.1(b)(1) ] now conforms to U.S.S.G. § 1B1.1 (comment. n. 1( [k] )")). Consequently, our prior statements do not support Faison's argument.

stantially connected by at least one common factor such as "common victims, common accomplices, common purpose, or similar *modus operandi.*" *Id.* Faison was guilty of a conspiracy to traffic in cocaine through October 1999, and his possession of $70,000 in drug proceeds together with his admission at the time of his plea shows him to be a continuing cocaine trafficker when he was arrested in January 2001. Faison's continuing cocaine trafficking constitutes the same course of conduct and has a common purpose as his offense of conviction. Therefore, the possession of the dangerous weapons during drug trafficking in 2001 was conduct relevant to the offense of conviction.

Because Faison possessed dangerous weapons during the course of relevant conduct, the two point enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) was appropriate. Faison's sentence is, therefore, AFFIRMED.