**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jasper "Pete" GOFORTH, Jr.,**
**Defendant–Appellant.**

**No. 02–6515.**

United States Court of Appeals,
Sixth Circuit.

March 9, 2004.

Thomas A. Colthurst, Asst. U.S. Attorney, U.S. Attorney's Office, Memphis, TN, for Plaintiff–Appellee.

Dewun R. Settle, Perkins, Johnson & Settle, Memphis, TN, for Defendant–Appellant.

Before: SILER, MOORE, and SUTTON, Circuit Judges.

*ORDER*

In 2002, Jasper "Pete" Goforth, Jr., pleaded guilty to attempting to manufacture methamphetamine, endangering human life while illegally manufacturing methamphetamine, and being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g); 21 U.S.C. §§ 846 *and* 858. On November 29, 2002, he was sentenced to 151 months of imprisonment and three years of supervised release. It is from this judgment that Goforth now appeals. The parties have waived oral argument, and the panel unanimously agrees that it is not needed in this case. Fed. R.App. P. 34(a).

Goforth acknowledged a factual basis for his guilty plea, which provided in part as follows:

On March 27, 2002, law enforcement officers discovered Mr. Goforth in a motel room at the Deerfield Inn at Exit 42 on Interstate 40. Mr. Goforth had a methamphetamine laboratory in the room and a Ricoh Model SKS rifle....

. . . .

After he was arrested, Mr. Goforth admitted to one of the officers that he had purchased the rifle and that he had manufactured approximately three to four ounces of methamphetamine over the past three months.

In addition, Goforth did not object to the presentence report insofar as it indicated that he had admitted manufacturing ten to twelve ounces of methamphetamine over the past two years.

Goforth has not raised any claim regarding his guilty plea or conviction. Thus, appellate review is limited to the claims that he has raised regarding the validity of his sentence. We generally review the sentencing court's legal conclusions *de novo*, while examining its factual findings for clear error. *United States v. Brown*, 332 F.3d 363, 375 (6th Cir.2003).

When it calculated his offense level, the district court found that Goforth was responsible for at least ten ounces of methamphetamine, even though he had possessed only 1.9 grams of methamphetamine at the time of his arrest. Thus, the court found that the ten to twelve ounces of methamphetamine that he had manufactured during the two years prior to his arrest involved relevant conduct that was properly included in determining his offense level.

■ Goforth argues that the court should not have relied on an uncorroborated statement in the presentence report

to find that he was responsible for ten or more ounces of methamphetamine. However, he did not dispute the report insofar as it attributed that statement to him, and he has not shown that his own admission must be corroborated by other proof. In this regard, we note that the determination of relevant conduct involves a sentencing factor, rather than an element of the offense that must be proved beyond a reasonable doubt. *United States v. Silverman,* 976 F.2d 1502, 1508–09 (6th Cir. 1992). Thus, the district court reasonably based its determination of Goforth's relevant conduct on the undisputed statements in his presentence report.

■ Goforth also argues that the methamphetamine that he manufactured during the two years prior to his arrest was remote in time from his current offense. However, this conduct was not so remote that it could not be considered as relevant conduct. *See Brown,* 332 F.3d at 375–76 & n. 5. Moreover, the continuous course of Goforth's activities was evidenced by his repeated arrests for the possession of materials that are used to manufacture methamphetamine. *See United States v. Faison,* 339 F.3d 518, 520–21 (6th Cir.2003). Finally, a close temporal nexus is not as important because Goforth's past conduct arguably involved a *common* scheme or plan, with a similar purpose and *modus operandi.* *See* USSG § 1B1.3, comment. (n.9) (2002).

Accordingly, the district court's judgment is affirmed.