**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0173n.06
Filed: March 2, 2007

**No. 05-6209**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Western |
| SHARN RAYNARD MILAN, | ) | District of Tennessee |
| | ) | |
| Defendant-Appellant, | ) | |

Before:        MARTIN and GUY, Circuit Judges; CARR, District Judge.[*]

CARR, District Judge.  Defendant, Sharn Raynard Milan, appeals his sentence following a

conviction of conspiracy to possess with intent to distribute and distribution of fifty grams or more

of cocaine base. His first sentence was vacated by this Court pursuant to *United States v. Booker*,

543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).  At resentencing, the District Court imposed

a term of 144 months.

On appeal, defendant raises three arguments: 1) the District Court erred in enhancing

defendant's sentence for possession of a firearm under U.S.S.G. § 2D1.1(b)(1); 2) the District Court

erred in enhancing the sentence based on defendant's characterization as a leader or organizer under

U.S.S.G. § 3B1.1(a); and 3) the sentence was not "reasonable" in light of *United States v. Booker*

---

[*] The Honorable James G. Carr, Chief United States District Judge for the Northern
District of Ohio, sitting by designation.

No. 05-6209
United States of America v. Sharn Raynard Milan

because the District Court failed to consider the statutory sentencing factors of 18 U.S.C. § 3553(a) other than the Sentencing Guidelines themselves.

For the reasons discussed below, we AFFIRM the District Court's judgment.

## I. Background

A federal grand jury returned an indictment on July 16, 2001. A superseding indictment was filed on October 15, 2001, charging defendant with conspiracy to possess with intent to distribute and distribution of fifty grams or more of a mixture and substance containing cocaine base, in violation of 21 U.S.C. § 846 (conspiracy) and 21 U.S.C. § 841(a)(1) (possession with intent to distribute and distribution).

On October 3, 2001, pursuant to a plea agreement, the defendant entered a guilty plea. On September 24, 2002, the court sentenced the defendant to a term of 264 months. After entry of judgment, the defendant filed a timely notice of appeal. On June 24, 2004, pursuant to the government's motion for a reduction in the defendant's sentence for substantial assistance, *see* Fed. R. Crim. P. 35(b), the District Court reduced the defendant's sentence to 188 months. On appeal, this Court vacated the District Court's judgment in accordance with *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), and remanded for resentencing. On July 8, 2005, the District Court sentenced defendant to a term of 144 months.

At the new sentencing hearing, after granting the government's motions under U.S.S.G. § 5K1.1 and Rule 35(b) for a reduction in the defendant's sentence, the District Court concluded as follows: An "[offense level of] 31 and a criminal history of II gives me a sentencing range of 121

to 151 months. And it seems to me that that's a reasonable range for me to sentence you in." (J.A. at 111.)

The court noted that the defendant "made some good decisions in recent years, and that was to admit [his] guilt and try to help [him]self by providing assistance against others. And in doing so, [he] dramatically reduced the sentence that [he] would otherwise get." (J.A. at 112.) The District Court described the drug quantity attributed to the defendant as "conservative," referring to the large discrepancy between the amount of drugs attributed to the defendant and the total amount involved in the conspiracy. (J.A. at 112.)

The District Court noted that the defendant was at the "bottom" of the "criminal history [category] of II." (J.A. at 112.) The court ordered the defendant to participate in a "program of testing and treatment for drug abuse." (J.A. at 113.) The District Court acknowledged that the Sentencing Guidelines are advisory. Specifically, the District Judge indicated that: 1) he was considering "an advisory range of 121 to 151 months" (J.A. at 112); and 2) he was "relieved that [he] did not have to sentence [the defendant] to 360 months as formerly required under the [G]uidelines before [the defendant's cooperation]." (J.A. at 114.)

The District Court found that, based on the proffer of a co-conspirator, the defendant possessed a weapon during the conspiracy and, accordingly, the District Court applied a two-level enhancement under U.S.S.G. § 2D1.1(b)(1). Additionally, the District Court applied a four-level enhancement under U.S.S.G. § 3B1.1(a) for the defendant's role as a leader in the conspiracy.

## II. Analysis

No. 05-6209
United States of America v. Sharn Raynard Milan

On appeal, defendant raises three claims: 1) the District Court erred in enhancing defendant's sentence for possession of a firearm under U.S.S.G. § 2D1.1(b)(1); 2) the District Court erred in enhancing the sentence based on defendant's characterization as a leader or organizer under U.S.S.G. § 3B1.1(a); and 3) the sentence was not "reasonable" in light of *United States v. Booker* because the District Court failed to consider the statutory sentencing factors of 18 U.S.C. § 3553(a) other than the Sentencing Guidelines themselves.  None of the arguments raised by the defendant warrants reversal.

### A.  Sentencing Enhancement Under U.S.S.G. § 2D1.1(b)(1)

The District Court's conclusion under § 2D1.1(b)(1) that the defendant possessed a firearm is a factual finding that this Court reviews for clear error. *See, e.g., United States v. Ables*, 167 F.3d 1021, 1035 (6th Cir. 1999).  A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed.  *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948).  We review the District Court's interpretation of the Sentencing Guidelines de novo.  *United States v. Gardner*, 417 F.3d 541, 543 (6th Cir. 2005).

The Sentencing Guidelines instruct the court to increase a defendant's base offense level by two levels "[i]f a dangerous weapon (including a firearm) was possessed." § 2D1.1(b)(1).  The government must show by a preponderance of the evidence, *United States v. Johnson*, 344 F.3d 562, 565 (6th Cir. 2003), that the dangerous weapon was possessed during "relevant conduct,"[1] *United*

_____

[1]As we explained in *Faison*, effective November 1, 1991, the Guidelines no longer require that the defendant possess the weapon during the commission of the offense.  The

*States v. Faison*, 339 F.3d 518, 520 (6th Cir. 2003). Relevant conduct under the Sentencing Guidelines includes "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." *Id.* at 520 (citing U.S.S.G. § 1B1.3(a)(2)).

The District Court found that the defendant possessed a weapon based on a statement, as reported in the presentence report, by James Milan, one of the defendant's co-conspirators, in the presentence report:

> Defendant Milan reported that he had previously observed a large-frame revolver at the home of Sharn Raynard Milan and Stephen Dorrell Milan, and that he had observed Sharn Raynard Milan shoot this weapon in the Spring of 2001.

(J.A. at 129.)

The defendant argues that James Milan's statement cannot support the District Court's application of § 2D1.1(b)(1) because this account fails to establish any connection between the firing of the weapon and the offenses for which the defendant was convicted.

This argument fails. Application Note 3 of U.S.S.G. § 2D1.1 provides that the enhancement for possession of a weapon should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. The defendant did not dispute the claim that he possessed a firearm at his home in 2001–during the period of the conspiracy. A District Court may accept as true all factual allegations in a presentence report to which the defendant does not object. *United States v. Levy*, 250 F.3d 1015, 1018 (6th Cir. 2001) (citing *United States v. Ward*,

---

government must now prove only that the dangerous weapon was possessed during "relevant conduct." District Courts must no longer limit their review to the evidence related to the proximity between the firearm and the drugs at the specific time of the offense. *Faison*, 339 F.3d at 520, 520 n.1 (citations omitted).

190 F.3d 483, 492 (6th Cir.1999)).  Because the defendant does not contest that he possessed a firearm during the period of the conspiracy, the District Court may infer that this possession was connected to the offense.  *See United States v. Bolka*, 355 F.3d 909, 912 (6th Cir. 2004).

The defendant may rebut this presumption by demonstrating that it is clearly improbable that the firearm was connected to the offense.  *Bolka*, 355 F.3d at 912 (citing *United States v. Moses*, 289 F.3d 847, 850 (6th Cir. 2002)).  The court may consider several factors in making this determination: the proximity of the firearm to the drugs, the type of firearm involved, whether the firearm was loaded, and any alternative purpose offered to explain the presence of the firearm.  *Moses*, 289 F.3d at 850 (citation omitted).  Milan offers no alternative explanation for the presence of the weapon, and he does not dispute that drugs were stored and drug transactions took place in his home–where he, according to James Milan's statement, possessed the revolver.  Because the defendant cannot rebut the presumption that his possession of the revolver was connected to the drug conspiracy, enhancement under § 2D1.1(b)(1) is appropriate.  *See United States v. Miggins*, 302 F.3d 384, 390-91 (6th Cir. 2002) (citing *United States v. McGhee*, 882 F.2d 1095, 1097-98 (6th Cir. 1989)).

**B.  Sentencing Enhancement Under U.S.S.G. § 3B1.1(a)**

Milan argues that the District Court's factual findings under § 3B1.1(a) are not specific enough to allow review by this Court.  As we have explained previously, it is unclear what standard of review this Court should apply in evaluating the District Court's application of § 3B1.1(a).  *See, e.g., United States v. McDaniel*, 398 F.3d 540, 551 (6th Cir. 2005); *United States v. Henley*, 360 F.3d 509, 516-18 (6th Cir. 2004).  Before the Supreme Court's decision in *Buford v. United States*, 532 U.S. 59, 121 S. Ct. 1276, 149 L. Ed. 2d 197 (2001), it was clear that we reviewed a District Court's

No. 05-6209
United States of America v. Sharn Raynard Milan

factual findings for clear error and legal conclusions de novo. *Henley*, 360 F.3d at 516 (citation omitted). The Supreme Court in *Buford*, however, held that an appellate court should review deferentially, rather than de novo, a District Court's application of U.S.S.G. § 4B1.2 because of the fact-bound nature of the legal decision. 532 U.S. at 66. We reserve judgment as to whether the District Court's application of § 3B1.1(a) to the facts of this case should be reviewed deferentially or de novo, because we would affirm using either standard of review.

The Sentencing Guidelines instruct the court to increase a defendant's base offense level by two levels "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." § 3B1.1(a). To qualify for an adjustment, the defendant must have been the organizer or leader of one or more other participants. § 3B1.1, Application Note 2.

In applying the § 3B1.1(a) enhancement, the District Court stated as follows:

It's apparent to me, Mr. Milan, that you were actively involved as a ringleader in this very large drug conspiracy with eight defendants, seven besides you, and that you clearly were a leader and organizer in that enterprise. So that four-level enhancement is also appropriate. All those other defendants pled guilty, you pled guilty, and it seems to me that's a sufficient basis, given your role in the offense, to add that four-level enhancement.

(J.A. at 110-11.)

While it would have been preferable for the District Court to have identified a specific individual over whom Milan exercised control, the District Court is not required to state on the record the specific facts it relied on in applying § 3B1.1(a). *See United States v. Caseslorente*, 220 F.3d 727, 736 (6th Cir. 2000).

The government cites numerous items in the presentence report, none contested by the defendant, that support the court's application of § 3B1.1(a). (*See* Appellee's brief at 11-14). These include allegations that the defendant was the "'kingpin'" of the drug conspiracy and that specific co-conspirators purchased crack cocaine from or delivered crack cocaine for the defendant. *Id.* A District Court may accept as true all factual allegations in the presentence report to which the defendant does not object. *United States v. Levy*, 250 F.3d 1015, 1018 (6th Cir. 2001) (citing *United States v. Ward*, 190 F.3d 483, 492 (6th Cir.1999)). Based on the facts in the report, the District Court properly concluded that the defendant was an organizer or leader under § 3B1.1(a).

## C. The Reasonableness of Milan's Sentence Under *Booker*

We review Milan's sentence for substantive and procedural reasonableness. *See United States v. Blackwell*, 459 F.3d 739, 773 (6th Cir. 2006) (citing *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005) (holding that in determining whether a sentence is reasonable, the reviewing court must consider the length of the sentence, the factors the District Court evaluated, and the procedures the District Court employed at sentencing).

A sentence may be substantively unreasonable if the District Court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent 18 U.S.C. § 3553(a) factors, or gives an unreasonable amount of weight to any pertinent factor. *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006) (citing *Webb*, 403 F.3d at 385). A sentence may be procedurally unreasonable if the District Judge imposes a sentence that he or she deems appropriate without considering the applicable Guideline range or the § 3553(a) factors. *Collington*, 461 F.3d at 808 (citing *Webb*, 403 F.3d at 383).

No. 05-6209
United States of America v. Sharn Raynard Milan

Because defendant failed to object to his sentence at the sentencing hearing, we review his claim to vacate his sentence for plain error. *See United States v. Caswell*, 456 F.3d 652, 655 (6th Cir. 2006) (citing *United States v. Oliver*, 397 F.3d 369, 377-78 (6th Cir. 2005)). On plain error review, we may only correct such a mistake if there is: 1) an error; 2) that is plain; 3) that affects substantial rights; and 4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id*. (citing *Johnson v. United States*, 520 U.S. 461, 466, 117 S. Ct. 1544, 137 L. Ed. 2d 718 (1997)).

To determine if an error was committed, this Court must first determine whether the sentence is unreasonable. *Webb*, 403 F.3d at 383 (citation omitted). Only after this analysis is complete can this Court determine whether any error that occurred was plain or whether it affected the substantial rights of the parties. *Caswell*, 456 F.3d at 656.

### 1. Substantive Reasonableness

The defendant has failed to rebut the presumption that his sentence, because it is properly calculated under the Guidelines, is substantively reasonable. *See United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006). The defendant has not identified any relevant factor the District Court should have considered that would have benefitted the defendant at sentencing. *See United States v. Johnson*, 467 F.3d 559, 571 (6th Cir. 2006) (citation omitted). Nor has the defendant pointed to any factor that the District Court improperly considered. *See Collington*, 461 F.3d at 808. Therefore, Milan's sentence is substantively reasonable and not arbitrary.

### 2. Procedural Reasonableness

No. 05-6209
United States of America v. Sharn Raynard Milan

The defendant argues the District Court relied exclusively on the Sentencing Guideline range in sentencing the defendant. Because the District Court did not state that it considered § 3553(a), this Court must analyze the record to infer whether the District Court engaged at all in the required meaningful examination of the § 3553(a) factors.[2] *See, e.g., United States v. Johnson*, 2006 WL 3069075 (6th Cir. 2006); *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006). The more the District Court obscures its reasoning or requires us to ponder and speculate, the more likely we are to find procedural unreasonableness in the court's decision. *United States v. McBride*, 434 F.3d 470, 476 n.3 (6th Cir. 2006).

On review of the record, we conclude that Milan's sentence is procedurally reasonable. While the District Court did not explicitly state that it engaged generally in the necessary consideration of relevant § 3553(a) factors, the record reflects that the District Court did, in fact, consider these factors in sentencing the defendant. A District Court must consider the § 3553(a) factors at sentencing and articulate its reasoning to allow for reasonable appellate review, but it need not recite these factors. *See, e.g., United States v. Kirby*, 418 F.3d 621, 626 (6th Cir. 2005) (citations omitted).

The District Court considered "the need for the sentence imposed . . . to provide the defendant with needed . . . medical care,"§ 3553(a)(2)(D), by ordering the defendant to participate

---

[2]The District Court must consider, in addition to the Sentencing Guidelines, the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to provide adequate deterrence, to protect the public, and to provide the defendant with educational or vocational training, medical care, or other correctional treatment. *See* § 3553(a)(1)-(2).

- 10 -

in a drug treatment and testing program. Additionally, the court evaluated "the seriousness of the offense" under § 3553(a)(2)(A) by discussing the discrepancy between the relatively small amount of drugs attributed to the defendant under the Sentencing Guidelines and the large amount involved in the conspiracy, in which the defendant played an organizing role. Moreover, the court considered the need "to afford adequate deterrence to criminal conduct" under § 3553(a)(2)(B) by noting that the defendant will likely have "learn[ed his] lesson" by the time he completes his sentence. While further elucidation by the District Court of its reasoning would have been helpful to the defendant and to this Court, this shortcoming does not render Milan's sentence procedurally unreasonable.

We conclude that the defendant's sentence is substantively and procedurally reasonable. The defendant cannot demonstrate any error, plain or otherwise.

### III.  Conclusion

For the foregoing reasons, we AFFIRM the District Court's judgment.