**NOT RECOMMENDED FOR PUBLICATION**
File Name: 09a0660n.06

**No. 08-1018**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Sep 24, 2009**

LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| TERENCE L. WILLIAMS, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: SILER, GIBBONS, and GRIFFIN, Circuit Judges.

**PER CURIAM**. Terence Williams appeals his sentence following his conviction of conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841 (b)(1)(A). Williams argues that the district court erred in (1) imposing a two-level enhancement to his sentencing guidelines calculation for possession of a dangerous weapon pursuant to USSG § 2D1.1(b)(1); and (2) assessing a criminal history point for a 1992 juvenile sentence under USSG § 4A1.2(d)(2). We affirm the two-level enhancement for possession of a firearm, vacate the criminal history calculation, and remand for further proceedings consistent with this opinion.

Williams argues that the district court erred in enhancing his sentencing guidelines calculation for possession of firearms because they were not actually present during the drug offense.

We review the enhancement for clear error. *See United States v. Wheaton*, 517 F.3d 350, 367 (6th Cir. 2008).

Section 2D1.1(b)(1) of the Guidelines states that "[i]f a dangerous weapon (including a firearm) was possessed, increase by 2 levels." Either actual or constructive possession of firearms will support the enhancement. *United States v. Pruitt*, 156 F.3d 638, 649 (6th Cir. 1998). In order to establish constructive possession, "the government must show that the defendant had ownership, dominion, or control over the [firearm] or dominion over the premises where the [firearm] is located. Circumstantial evidence is sufficient to establish constructive possession." *United States v. Miggins*, 302 F.3d 384, 391 (6th Cir. 2002) (citations omitted). Once the government is able to satisfy its burden of showing possession, "then the burden shifts to the defendant to demonstrate that it was clearly improbable that the weapon was connected to the offense." *Id*. Furthermore, the government must show only that the dangerous weapon was possessed during "relevant conduct." *United States v. Faison*, 339 F.3d 518, 520 (6th Cir. 2003). Relevant conduct is "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." *Id*. at 520 (citing USSG § 1B1.3(a)(2)).

There was sufficient evidence to support a finding that Williams was in constructive possession of the loaded firearms found at his mother's residence during the time of the conspiracy. First, he used his mother's address on his driver's license and he received mail there as well. Second, the weapons found at his mother's residence were the types of weapons used by drug traffickers (two Glock semi-automatic handguns, a Tec-9 semi-automatic pistol, and a 7.62 semi-automatic assault rifle). Third, ammunition and a loaded magazine for the 7.62 assault rifle were

found in Williams's residence, together with a receipt for a storage unit where another 1,000 rounds of 7.62 ammunition were found– connecting him to the rifle found at his mother's residence. Fourth, at least one witness stated that he had seen Williams inside his home with an "AR-15 style assault rifle having a large magazine." And finally, the weapons were found on the date on which the conspiracy allegedly ended.

In response, Williams provided no evidence indicating that the connection between his offenses and the firearms was clearly improbable. Therefore, he failed to meet his burden. As such, the district court did not clearly err in imposing the enhancement.

Williams also challenges the inclusion of a 1992 juvenile proceeding in his criminal history calculation because it did not occur within five years of the instant offense. Section 4A1.2(d)(2)(B) of the Guidelines requires the sentencing court to "add 1 point . . . for each adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense (not otherwise counted)." Williams's juvenile sentence was imposed on May 7, 1992. Therefore, in order for that sentence to be counted for criminal history purposes, the instant offense must have begun within five years of that date, or prior to May 7, 1997.

Although the relevant time period used for determining whether the juvenile offense should be included is five years under USSG § 4A1.2(d)(2)(B), the district court erroneously used ten years. At sentencing, it asked the government whether the "conviction was obtained within ten years preceding the involvement in the criminal activity that is at issue?" The government responded: "Yes, Your Honor, certainly within ten years. Within five years if you look at the other evidence."

Without making any further reference to the relevant time period, the district court concluded that "I think I have to calculate that. It's not a matter in my discretion."

While the district court on remand may consider evidence demonstrating that inclusion of the 1992 juvenile offense in the criminal history calculation was proper, it must make the determination using the relevant five-year period under USSG § 4A1.2(d)(2)(B). In all other respects, the judgment is affirmed.

AFFIRMED in part, VACATED in part, and REMANDED.