NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0494n.06

No. 24-1944

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Oct 22, 2025
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| BYRON METCALF-BURROUGHS, | ) | |
| Defendant-Appellant. | ) ) | OPINION |
| | ) | |

Before: KETHLEDGE, LARSEN, and BLOOMEKATZ, Circuit Judges.

BLOOMEKATZ, Circuit Judge. Byron Metcalf-Burroughs pled guilty to possession with intent to distribute cocaine, and the district court sentenced him within the range provided by the Sentencing Guidelines. He now appeals the district court's application of a two-level Guidelines enhancement for constructively possessing a dangerous weapon during the commission of his offense. *See* U.S.S.G. § 2D1.1(b)(1). He argues that his handgun was inside his home and out of reach when the police arrested him for drug trafficking. But the district court concluded his handgun remained accessible to him, and thus he possessed it while committing the offense. Since this factual finding was not clearly erroneous, we affirm.

## BACKGROUND

I.      **Arrest**

The relevant facts are not disputed. In November 2023, police officers surveilled Metcalf-Burroughs's home, planning to arrest him for a crime unrelated to the one at issue in this case. As Metcalf-Burroughs exited his residence to take out the trash, he noticed the police and fled on foot.

He didn't make it far before the police apprehended him and found a bag containing 13.87 grams of cocaine on the other side of a fence he had tried to scale. When the officers searched Metcalf-Burroughs's person, they discovered a digital scale with white residue and green plant residue, $2,600 in cash, and an unlabeled pill bottle with 3.35 grams of oxycodone. The police then placed Metcalf-Burroughs under arrest.

After his arrest, officers searched Metcalf-Burroughs's home and discovered a handgun loaded with 16 rounds of ammunition in his bedroom, alongside his court paperwork and cell phone. Metcalf-Burroughs's girlfriend, who lived with him, informed the officers she believed he possessed the handgun for self-defense since someone had recently tried to kill him. Metcalf-Burroughs was shot in 2020 and has a bullet lodged behind his ear. Police did not recover any drugs, narcotics, or drug trafficking tools from the residence.

## II.    Sentencing

Metcalf-Burroughs pled guilty to possession with intent to distribute cocaine. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(C). At sentencing, Metcalf-Burroughs objected to a two-level enhancement for possessing a dangerous weapon during the commission of his offense. *See* U.S.S.G. § 2D1.1(b)(1). He conceded, through counsel, that he constructively possessed the handgun recovered from his residence. However, he argued that the government had not established that he possessed it *during* his offense because it was stowed away in his bedroom, while his drug crime took place outside of his home. The district court disagreed, explaining that "the accessibility" of the handgun, among other factors, provided evidence that "possession was during the commission of [the] offense." Sentencing Hr'g Tr., R. 48, PageID 252. After applying the two-level enhancement, it calculated Metcalf-Burroughs's Guidelines range at 30–37 months and imposed a within-Guidelines sentence of 34 months.

Metcalf-Burroughs timely appealed.

## ANALYSIS

### I.      Burden-Shifting Framework

To determine whether the dangerous weapon enhancement applies under § 2D1.1(b)(1), we employ a burden-shifting framework. *United States v. Kennedy*, 65 F.4th 314, 318 (6th Cir. 2023). The government must first establish (1) that the defendant was in possession of a dangerous weapon and (2) that such possession occurred during either the commission of the offense or during "relevant conduct." *United States v. West*, 962 F.3d 183, 187 (6th Cir. 2020) (quoting *United States v. Faison*, 339 F.3d 518, 520 (6th Cir. 2003)). Once the government establishes these two prongs by a preponderance of the evidence, the burden shifts to the defendant to demonstrate it was "clearly improbable" that the weapon was connected to the offense. *Kennedy*, 65 F.4th at 318 (quoting U.S.S.G. § 2D1.1(b)(1) cmt. 11(A)).

Whether the defendant possessed a dangerous weapon—the first prong—is a factual finding. *United States v. McCloud*, 935 F.3d 527, 531 (6th Cir. 2019). Because the government contended Metcalf-Burroughs possessed the weapon during the actual commission of his offense, the second prong is also a factual finding. *Compare id.*, *and United States v. Wilson*, No. 22-5068, 2022 WL 17456351, at *2 (6th Cir. Dec. 6, 2022), *with West*, 962 F.3d at 187–88 (explaining that when the government contends possession during relevant conduct, whether a given act "counts as 'relevant conduct' . . . is a question of law"). Finally, if the burden shifts, whether the defendant established it was "clearly improbable" that the weapon was connected to the offense is a factual finding too. *See Kennedy*, 65 F.4th at 319–20. Factual findings are subject to clear error review. *McCloud*, 935 F.3d at 531.

## II.    Possession "During" the Offense

The district court found Metcalf-Burroughs possessed the handgun while he committed his crime, and this finding is not clearly erroneous. While the handgun was not found on Metcalf-Burroughs's person upon his arrest, it was recovered from his residence, which he had just left to take out the trash, and where he necessarily possessed the cocaine before leaving. The district court explained the handgun was "certainly accessible" before he left his home and remained "easily accessible" in his bedroom afterward. Sentencing Hr'g Tr., R. 48, PageID 252–253. Since Metcalf-Burroughs stepped out of his home with cocaine and drug paraphernalia in tow, it was more than reasonable for the district court to infer that he possessed those drugs with an intent to distribute while inside his residence, where the handgun was located, just moments before his arrest. Moreover, the district court found that the handgun remained in his possession even though it stayed in his bedroom as he stepped outside. The district court reasoned that it was nearby, loaded, and unlocked, just sitting next to his cell phone.

None of Metcalf-Burroughs's counterarguments are persuasive. He urges us to compare his case to a hypothetical one in which the firearm is hundreds of miles away from where the defendant commits an offense. But, in such a case, the weapon would not be "easily accessible," nor would it have been "certainly accessible" just moments before the defendant was apprehended. Without those findings, the analysis would be different.

Metcalf-Burroughs next argues that our caselaw always requires the government to demonstrate some direct connection between the dangerous weapon and the drugs or drug trafficking operation. But he overreads our precedents. As he argues, in *Kennedy*, we held that "in the context of a long-running drug-trafficking conspiracy," the government must show "some nexus" between the firearm possession and the conspiratorial activities. 65 F.4th at 324. Even

assuming the nexus requirement applies in this case, where there is no conviction for participating in a long-running drug conspiracy, it is satisfied here. In *Kennedy*, there was a sufficient nexus for applying the sentencing enhancement because the defendant constructively possessed firearms on the "same day" as he "discussed potentially selling methamphetamine." *Id.* In this case, constructive possession occurred not only on the same day, but also at the same time and at the same location, as Metcalf-Burroughs's offense. Based on these facts, the district court concluded he possessed the handgun during his offense. This conclusion was not clearly erroneous, so we will not disturb it.

### III.    "Clearly Improbable"

With the government's initial burden met, Metcalf-Burroughs must show that it was "clearly improbable" that the dangerous weapon was connected to his possession with intent to distribute cocaine. This "is a difficult burden to meet," which is made even more difficult on appeal because of the clear error standard of review. *United States v. Johnson*, 344 F.3d 562, 567 (6th Cir. 2003). We generally look to six factors when considering whether a firearm is connected to a drug offense: (1) the type of firearm; (2) its accessibility; (3) the presence of ammunition; (4) its proximity to the illicit drugs or other items associated with drug trafficking; (5) any evidence proffered by the defendant explaining their actual use of the firearm; and (6) whether the defendant was engaged in drug trafficking or in mere possession or manufacturing. *Kennedy*, 65 F.4th at 318 (citing *United States v. Greeno*, 679 F.3d 510, 515 (6th Cir. 2012)).

Here, the district court found most of the factors weighed against Metcalf-Burroughs. It explained the handgun found at his residence was not a hunting rifle or another weapon clearly used for some other purpose. *See id.* at 320. The weapon was accessible in Metcalf-Burroughs's bedroom, not "locked away," and it was loaded with 16 rounds of ammunition. Sentencing Hr'g

Tr., R. 48, PageID 253. While the gun was not immediately next to any drugs, proceeds, or paraphernalia, the court again emphasized its "accessib[ility]." *Id.* Additionally, the court concluded that there was no "question" that Metcalf-Burroughs "was trafficking and not just a user." *Id.* at PageID 254. Based on the evidence before the court, none of these findings were clearly erroneous.

Metcalf-Burroughs primarily rests his argument on the fifth factor, positing self-defense as an alternative explanation for owning the handgun. When the officers located the handgun, his girlfriend offered this same self-defense explanation, and Metcalf-Burroughs was indeed the victim of gun violence at least once before.

The district court rejected his attempt to show the handgun was "clearly" unrelated to his drug trafficking, and Metcalf-Burroughs does not persuade us to disturb that finding. Quite simply, the fact that he possessed the handgun for self-defense does not mean it was unrelated to his drug trafficking activities; the two are not mutually exclusive. As the district court explained, Metcalf-Burroughs could have feared for his life because of his drug trafficking activities. Similarly, he could have previously been targeted because of his drug trafficking activities. Metcalf-Burroughs did not present any evidence that his self-defense motivation was unconnected to his drug trafficking. Thus, the district court ultimately concluded "it's actually more likely" Metcalf-Burroughs possessed the handgun for drug trafficking purposes. Sentencing Hr'g Tr., R. 48, PageID 254.

Metcalf-Burroughs repeats these unavailing arguments on appeal. But simply providing an alternative explanation, such as self-defense, for possessing a dangerous weapon does not automatically meet the "clearly improbable" standard. *See, e.g.*, *United States v. Hill*, 79 F.3d 1477, 1486 (6th Cir. 1996); *United States v. Wheaton*, 517 F.3d 350, 368 (6th Cir. 2008);

*United States v. Howard*, 570 F. App'x 478, 482–83 (6th Cir. 2014); *United States v. Cobbs*, 233 F. App'x 524, 543 (6th Cir. 2007). And he does not show us how the district court was clearly erroneous in connecting his firearm possession, and need for self-defense, with his drug distribution.

## CONCLUSION

We affirm Metcalf-Burroughs's sentence.