NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0066n.06

Case No. 25-5192

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Feb 02, 2026
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| v. | ) ) ) | |
| CHRISTOPHER SPRINGFIELD, | ) ) | |
| Defendant-Appellant. | ) ) | OPINION |

Before: BATCHELDER, CLAY, and RITZ, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** Christopher Springfield pleaded guilty to possession with the intent to distribute fentanyl, methamphetamine, and cocaine base in violation of 21 U.S.C. § 841(a)(1). Upon recommendation of the presentence investigation report and over Springfield's objection, the district court applied a two-point enhancement to his sentence under U.S.S.G. § 2D1.1 for possessing a dangerous weapon. Springfield now challenges that enhancement on appeal, arguing that the government failed to establish a sufficient nexus between the firearm found and the underlying drug offense. Because we find no clear error in the district court's findings, we **AFFIRM**.

**I.**

In 2024, Springfield twice sold fentanyl from a residence in Pike County, Kentucky, to a confidential, law-enforcement informant. Subsequently, law enforcement executed a search warrant at that residence. Law enforcement found Springfield—who had been staying at the residence with his girlfriend and her mother—along with over 400 grams of methamphetamine,

over 200 grams of fentanyl, over 100 grams of cocaine base, over $18,000 in United States currency, an unloaded firearm, corresponding ammunition, and other paraphernalia. The firearm, ammunition, and currency, as well as some of the paraphernalia, were found in the bedroom shared by Springfield and his girlfriend. The controlled substances were found in a trash can in an adjacent bathroom.

Springfield acknowledged the firearm's presence before law enforcement located it, reporting that they would find a 9-millimeter handgun with a clip stored near his PlayStation in the bedroom. The officers found it in a shoebox underneath the PlayStation, and in "close proximity," the corresponding ammunition. At the time of the search, Springfield claimed the firearm was not his, but his girlfriend told the officers he had brought it to the residence about a month prior. At Springfield's sentencing hearing, his girlfriend denied having made that statement, claiming her ex-boyfriend had brought the firearm into the residence years prior and never retrieved it. But she and Springfield conceded that Springfield knew the firearm was there.

Springfield pleaded guilty to possession with the intent to distribute fentanyl, methamphetamine, and cocaine base. The district court sentenced him to 172 months' imprisonment, applying a 2-point sentence enhancement under U.S.S.G. § 2D1.1 for possession of the firearm during the commission of the drug offense. Springfield now appeals, challenging solely the propriety of that sentence enhancement.

## II.

"We review the district court's application of the Sentencing Guidelines de novo and the district court's findings of fact for clear error." *United States v. Kennedy*, 65 F.4th 314, 318 (6th Cir. 2023). "A district court's finding that a defendant possessed a firearm during a drug crime is a factual finding subject to the clearly erroneous standard of review." *United States v. McCloud*,

935 F.3d 527, 531 (6th Cir. 2019) (quotation omitted). "A finding of fact is clearly erroneous when the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been made." *Kennedy,* 65 F.4th at 318.

## A.

"The Sentencing Guidelines increase a defendant's offense level for a drug-trafficking crime by two points 'if a dangerous weapon (including a firearm) was possessed.'" *Id.* (quoting U.S.S.G. § 2D1.1(b)(1)). The Sentencing Commission commentary instructs that "[t]he enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at the defendant's residence, had an unloaded hunting rifle in the closet." U.S.S.G. § 2D1.1(b)(1) cmt. n.11(A).

In light of this, we apply a burden-shifting framework: "Once the government establishes by a preponderance of the evidence that (1) the defendant actually or constructively possessed the weapon, and (2) such possession was during the commission of the offense, the burden shifts to the defendant to show that it was clearly improbable that the weapon was connected to the offense." *Kennedy*, 65 F.4th at 318 (citation modified). Although the government's burden nominally "contains two separate inquiries, in most instances they collapse into a single factual determination because the weapon was present when the arrest took place or where the crime was committed. In such instances, once the government proves a defendant was in possession of a weapon, its burden is satisfied." *United States v. Greeno*, 679 F.3d 510, 514 (6th Cir. 2012) (citation modified), *abrogated on other grounds by N.Y. State Rifle & Pistol Ass'n v. Bruen*, 579 U.S. 1 (2022). Once the government's burden is satisfied, the defendant must present evidence,

not mere argument or speculation, to meet his or her burden. *Id.* We may consider several factors in this analysis, including:

> (1) the type of firearm involved; (2) the accessibility of the weapon to the defendant; (3) the presence of ammunition; (4) the proximity of the weapon to illicit drugs, proceeds, or paraphernalia; (5) the defendant's evidence concerning the use of the weapon; and (6) whether the defendant was actually engaged in drug-trafficking, rather than mere manufacturing or possession.

*Kennedy*, 65 F.4th at 318 (quoting *Greeno*, 679 F.3d at 515).

The district court found that Springfield brought the firearm into the residence, crediting Springfield's girlfriend's initial statement to law enforcement and explicitly finding her later testimony at the sentencing hearing to be uncredible. And the court alternatively found that, even if his girlfriend's sentencing-hearing testimony placing blame on her ex-boyfriend was true, Springfield still jointly possessed the firearm with his girlfriend at the time of the search.

Neither conclusion is clearly erroneous. "There 'can virtually never be clear error' where the 'trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence,' and where that finding is 'not internally inconsistent.'" *Brooks v. Tennessee*, 626 F.3d 878, 897 (6th Cir. 2010) (quoting *Anderson v. City of Bessemer City,* 470 U.S. 564, 575 (1985)). On appeal, Springfield proffers no reason why his girlfriend's sentencing-hearing testimony is more reliable than the other evidence considered by the district court.

And even if his girlfriend's later testimony were true, the means by which the firearm entered the residence still does not preclude Springfield's constructive or actual possession of it. "Constructive possession of an item is the ownership, or dominion or control over the item itself, or dominion over the premises where the item is located." *United States v. West*, 962 F.3d 183, 187 (6th Cir. 2020) (quotation omitted). At the time of arrest, Springfield knew of the firearm's

4

presence in the home and its exact location. It was stored under *his* PlayStation in the bedroom in which he slept three or four times a week. Further, he sold drugs out of the residence on at least two known occasions and possessed significant quantities of drugs there. We are not left with the definite and firm conviction that Springfield did not exercise dominion over the firearm or the residence within which it was found.

Nor did the district court commit clear error in concluding Springfield's possession was during the commission of the offense. As we have noted before, "[p]ossession must be during the offense of commission *or* relevant conduct, which includes all acts and omissions committed or aided and abetted by the defendant that occurred during the commission of the offense of conviction." *Kennedy*, 65 F.4th at 318 (citation modified) (emphasis added). While the gun was unloaded and was not physically stored with the drugs at the time of the search, the district court properly noted that the ammunition and drugs were in close proximity to it: the ammunition was stored in the bedroom with the firearm, and the drugs were hidden a mere room away in a trash can. Further, law enforcement also found over $18,000—presumed proceeds from Springfield's admitted drug transactions—in the bedroom, along with other paraphernalia. To deem the district court's finding clearly erroneous would be illogical and inconsistent with our prior rulings. *See, e.g., United States v. Faison*, 339 F.3d 518, 519 (6th Cir. 2003) (holding that "in light of [a defendant's] own admission of drug trafficking and the fact that the firearms were located close to the drug proceeds or cash with which to purchase drugs, he could not" "argue that the firearms … were clearly not related to drug trafficking"); *United States v. Chalkias*, 971 F.2d 1206, 1217 (6th Cir. 1992) (per curiam) (finding no clear error in applying the firearm enhancement in light of police officers' finding an unloaded semi-automatic firearm in a place of "purposeful

5

concealment" within a residence used for drug storage, despite there being no drugs in the room where the firearm was found).

Because we find no clear error in the district court's analysis of the government's burden, it now falls to Springfield to meet his. The district court concluded he did not, and we again find no clear error. The only evidence Springfield offers is (1) his girlfriend provided another explanation of how the firearm entered the residence, and (2) the firearm was unloaded and not found in the same room as the drugs. Both fail to show that it was clearly improbable that the weapon was connected to the offense. First, "[a]n alternative explanation for the presence of a gun does not preclude that gun from *also* being used to facilitate a drug offense." *United States v. Taylor*, 648 F.3d 417, 433 (6th Cir. 2011) (quotation omitted). Her ex-boyfriend's having brought the firearm into the residence does not preclude her current boyfriend's having possessed it in connection with his drug offense. And that the firearm was unloaded and not directly stored with the drugs is not preclusive of a firearm enhancement. *See Chalkias*, 971 F.2d at 1216–17; *see also United States v. Fuller*, 72 F. App'x 399, 401 (6th Cir. 2003). Springfield's drugs were found in an adjacent bathroom; the proceeds and paraphernalia of his drug trade were found in the bedroom; and the firearm was found in an unusual—likely concealed—place in the bedroom. We find no clear error.

**III.**

For the foregoing reasons, we affirm the judgment of the district court.